# THE SUPREME COURT

OF

## THE STATE OF LOUISIANA.

WESTERN DISTRICT.

OPELOUSAS, SEPTEMBER TERM, 1841;

### BARRETT vs. BULLARD.*

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF

ST. LANDRY, THE JUDGE OF THE NINTH PRESIDING.

Where the plaintiff makes *that hardly probable*, which he was bound to make certain, and there is a verdict against him, he is not entitled to be relieved; but if the verdict is against the defendant in such a case, a new trial ought to be granted.

In a redhibitory action for the rescission of the sale of a slave, a tender or offer to return the slave, must be proved at the trial, to have been made before suit.

This is a redhibitory action. The plaintiff alleges that in April, 1835, he purchased the slave Titus from the defendant for the sum of $650, payable in a promissory note signed by James Walsh and endorsed by this petitioner. That shortly

---

*Judge *Bullard* being the party defendant did not sit in this case. *Judge Simon* was absent, on account of sickness, during the terms of the court *here* and at Alexandria, this year.

after the sale he discovered the slave was afflicted with a severe chronic disease of the kidneys, which must have existed at the time and before the sale; and which rendered him wholly useless and worthless; being unable to perform any service or labor.

The plaintiff further alleges that he informed the defendant of the disease with which the slave was afflicted and tendered him, and requested the defendant to take him back and return the note given for the price, or the money in lieu thereof, but that he refused and still doth refuse. That he has placed said slave in a hospital, where his medical attendance and nursing has cost $300; and he continues to be expensive without being in any manner useful or profitable, as the disease is incurable. He prays that the defendant be required to take back said slave, and return the price, together with $600 for medical attendance, &c.

The defendant pleaded a general denial. Upon these pleadings and issues the case was tried.

The evidence of two physicians showed that when they were called in, the slave Titus was afflicted with a disease of the bladder, kidneys, and weakness in the loins and general debility, which they pronounced a chronic disease of the kidneys. Doctor Osborne declares, that on the day and year, to wit: the 6th April, 1835, the negro man Titus was afflicted with a serious disease of the kidneys. It was a bad case, but witness cannot say it was incurable. The disease at the time mentioned appeared to have been of long standing. It appeared he became helpless soon after the sale and delivery to the plaintiff's agent.

The defendant's witnesses deposed that the slave was healthy, active and athletic up to the time of sale; and that they discovered no symptoms of disease. His general good health and robust, athletic constitution was proved by two overseers and two other persons who had charge of him, and some of them up to the time of sale; in other words he was proved to be perfectly sound, in good health, up to the day of sale. No

evidence of a tender of the slave to the defendant was produced. There was, however, a verdict and judgment annulling the sale and decreeing the return of the note or price of the slave. The defendant appealed.

WESTERN DIS.
*September*,1841.

BARRETT
*vs.*
BULLARD.

*T. H. Lewis*, for the plaintiff and appellee, submitted the case. The defendant in person, presented written points on which he relied for the reversal of the judgment.

*Martin, J.* delivered the opinion of the court.

The defendant is appellant from a judgment by which the plaintiff has recovered the price of a slave which he bought of the defendant, on the ground of a redhibitory malady, called " a chronic disease of the kidneys."

A new trial was refused to the defendant and he appealed.

The evidence is so completely poised, that if the verdict of the jury had been against the plaintiff we should not have felt authorized to relieve him; as, it appears to us, he made that *hardly probable*, which it was his duty to make certain.

The new trial was in our opinion incorrectly refused : but the defendant and appellant has not sought relief from us on that score. He has urged, that although there is an allegation, *there is no evidence* in the record, to show that the plaintiff offered to return or give back the slave, and that the judgment makes no provision for his return; and that such an offer must always precede the institution of a suit, or action for the return of the price, in a sale sought to be annulled and set aside on account of a redhibitory defect in the object sold. Such was the decision of this court in the case of Janin. vs. Franklin, 4 La. Reports, 198; which is supported by the case of Castellano vs. Peillon, 2 Martin, N. S., 466, in which case a runaway slave was excepted from the general rule; *Exceptis probat regulam.*

It is therefore ordered adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed;

*Where the plaintiff makes* *that hardly probable*, which he *was bound to make certain, and there is a verdict against him, he is not entitled to be relieved; but if the verdict is against the defendant in such a case, a new trial ought to be granted.*

*In a redhibitory action for the rescission of the sale of a slave, a tender or offer to return the slave must be proved, at the trial, to have been made before suit.*

and that ours be for the defendant and appellant, as in case of a non-suit, with costs in both courts.