## W. W. George, Curator, *v.* W. S. Lewis.

An action for the dissolution of a sale for non-payment of the price is not, in legal parlance, action of *nullity* or *rescission*, and is not regulated, as to prescription, either by Art. 3507 or Art. 2218 C. C. : it falls rather within the general category of personal actions, limited to ten years by Art. 3508.

An action of nullity or rescission of a contract lies only for an alleged vice in the contract itself, tainting it *ab initio* : whereas, the dissolving condition is never enforced except upon the happening of some event posterior in date to the contract and not affecting its original validity. Nullity and rescission imply the total avoidance of the convention of the parties for some inherent defect therein ; the dissolution of a commutative contract for non-compliance by either party with his engagements, is really the carrying into effect of a part of their convention either express or implied.

APPEAL from the District Court of the parish of Caddo, *Land,* J. *Williamson,* for plaintiff. *Winans,* for defendant and appellant.

SPOFFORD, J. The plaintiff's intestate sold a tract of land to the defendant, in 1845. By the terms of the written contract, the defendant promised to pay a stipulated price within three years from the first day of January, 1845.

The defendant having failed to pay the price the suit was brought in December, 1855, wherein the plaintiff demanded a dissolution of the sale and a return of the property, in pursuance of Articles 2041 and 2539 of the Civil Code. There was a judgment ordering the defendant to pay the price on or before the 1st December next; and, in default thereof, to surrender the land to the plaintiff, in compliance with the resolutary condition implied in the sale.

The defendant has appealed from this judgment, and contends that it should be reversed because the prescription of five years was pleaded to the action.

It is conceded that, if the action is not barred by a shorter term than ten years, the judgment is correct.

The point has been expressly adjudged in *Jones* v. *Crocker*, 1st An. 442, where it was held that actions for the dissolution of sales on account of the non-payment of the price can be prescribed by the lapse of ten years only.

We do not perceive that this doctrine was impugned by any expression of the court in the subsequent case of *Mulford* v. *Wimbish*, 2 An. 443. The subject of the resolution of sales for non-payment of the price was not there discussed, as it was irrelevant to the case.

Counsel seems to have misapprehended the technical meaning of the terms " nullity or rescission of contracts" as used in the Civil Code, and especially in Articles 2218 and 3507. The action to enforce the resolutory condition, express or implied, in a bislateral contract, (C. C., 2040, *et seq.*,) is not, in legal parlance, an action of nullity or rescission. The Code itself distinguishes the two classes of actions. Article 2126 declares that obligations are extinguished in nine specified modes. " Nullity or rescission" being classed as one, and " the effect of the dissolving condition" as another and a different mode.

The action of nullity or rescission of a contract lies only for an alleged vice in the contract itself, tainting it *ab initio*: whereas, the dissolving condition is never enforced except upon the happening of some event posterior in date to the contract, and not affecting its original validity. Nullity and rescission imply the total avoidance of the convention of the parties for some inherent defect therein : the dissolution of a commutative contract for non-compliance by either party with his engagements, is really the carrying into effect of a part of their convention either express or implied.

In the present case, for example, there is no "nullity or rescission" sought, but rather an enforcement of the contract of the parties ; for, by the judgment appealed from, the defendant is first ordered to comply with his express engagements—that is, to pay the price he promised for the land he bought; in default thereof, he is condemned to comply with his tacit alternative engagement to restore the land, under the resolutory condition which, by legal implication, formed a part of his original contract, as binding upon him as if it had been expressed.

The French commentators differ somewhat as to the true distinction between "nullity" and "rescission," but they agree that both spring out of such informalities only as affect the contract from its inception, whilst the term " resolution" is technically applied to valid contracts dissolved for causes subsequently arising.

*Rogron* says, " il y a *nullité* lorsque l'acte est entaché d'un vice radical, de

manière qu'il ne peut produire aucun effet. Il y a *rescision* lorsque l'acte, valable *en apparence, renferme* cependant *un vice* qui peut le faire annuller si l'une des parties le demande ; par exemple, l'erreur, la violence, le dol, une cause fausse, la minorité, etc." Code Civil, liv. III, tit. III, ch. V, sec. 7.

*Troplong* clearly developes the distinction between the rescission and resolution of a contract: " Mais c'est la première fois peut-être que deux choses aussi dissemblables que *la rescision* et *la résolution* se trouvent confendues.

La résolution suppose que le contrat a existé valablement ; la rescision suppose, au contraire, qu'il n'y a eu qu'une apparence de contrat, et qu'un vice radical empêchait la convention d'avoir une existence réelle.

La cause de la résolution réside dans un événement postérieur à la naissance du contrat, comme une condition qui se réalise *ex post facto,* un réméré qui s'exerce d'un certain temps; la cause de la rescision réside dans une nullité viscérale qui remonte à la naissance du contrat.

La résolution peut avoir lieu de plein droit, la rescision n'a jamais lieu de cette manière.

La résolution peut-être amicable.

La rescision est toujours forcée." *De la Vente,* No. 689.

So *Marcade*, commenting upon the Napoleon Code, whence the terms in question have been imported into our Code, remarks : " Ce qui distingue l'acte *résoluble* de l'acte *rescindible,* c'est, comme nous l'avons dit, que celui-ci peut-être annulé par l'effet d'un vice qui l'a entaché *ab initio* et dès sa formation, tandis que l'autre s'est formée régulièrement, et n'a vu naître que *ex post facto* la cause qui permet de l'anéantir." And again, " *la demande en résolution* n'est pas précisément une action *en rescision* du contrat. Dans cette demande, en effet, on n'attaque pas la convention, on l'invoque au contraire, et on demande l'exécution de la clause, expresse ou sous-entendue qui y est insérée ou reputée insérée. L'action ne tomberait donc pas sous la prescription déceunale de l'art. 1304; elle ne se prescrirait que par 30 ans d'après l'art. 2262." 4 *Marcadé,* No. 570.

We conclude that the present action not being an action of nullity or of rescission, is not regulated, as to prescription, by Article 3507 of our Code as contended by the defendants, nor yet by Article 2218, as maintained by the plaintiff; it falls rather within the general category of personal actions, limited to ten years by the Article 3508. And prescription only began to run when the defendant was in default for the price.

But the appellant's counsel has argued that the demand for the price was prescribed when this suit was brought, and that, in consequence, the auxiliary remedy afforded to the plaintiff by the implied dissolving condition was lost. The act of sale signed by both vendor and vendee, is the only evidence of the price, or of the terms of payment. The debt, thus evidenced, did not become exigible until the 1st of January, 1848, and the defendant was cited to answer this suit in December, 1845, within ten years from the maturity of the claim.

The Statute of March 5th, 1852, (p. 90,) did not reduce the term of prescription, as that Act relates only to open accounts and promissory notes, whilst the plaintiff's claim for the price of his land does not fall under either of those denominations.

The plaintiff might then have sued successfully for the price, and claimed the vendor's privilege upon the land. He resorted to a concurrent remedy by demanding the dissolution of the sale, in case the defendant should persist in refusing to comply with the express terms of his contract, enlarged in his favor

as they have been by the District Judge, under the equitable discretion vested in him by Articles 2042 and 2542 of the Louisiana Code.

The plaintiff has not complained of the judgment; the defendant has no reason to complain: for, by its liberal provisions, he has his election to pay the price or to restore the thing on or before the first of December next. If he should do neither he would despoil the plaintiff.

Judgment affirmed.

| 11 | 657 |
| 44 | 724 |

| 11 | 657 |
| 50 | 1229 |

| 11 | 657 |
| f52 | 872 |

| 11 | 657 |
| 108 | 543 |
| e108 | 545 |

| 11 | 657 |
| 114 | 572 |