## No. 3199.—EVAN GEORGE *v.* E. A. KNOX and Husband et al.

The vendor who wishes to avail himself of the action to rescind the sale of real estate, on the ground that the vendee has not complied with the condition of the sale by paying the installments at maturity, must show that he has returned to the vendee, or offered to return, that portion of the price which he has received. This offer to return the portion of the price which he has received must be made before suit is brought to rescind the sale. This preliminary step of the vendor cannot be avoided by his showing that the rents and revenues of the property were worth more than the amount he had received in part payment of the price, because, from the date of the sale, the title and ownership of the property passed to the vendee, and the rents and revenues thereof belonged to him and not to the vendor.

An agreement made by the attorney of the vendor with the curator *ad hoc*, who represented the vendee in a suit to rescind the sale, to the effect that the vendee was to take the rents and revenues of the property during the time that he had it in possession as an equivalent for the part of the price which he had already paid, is not binding on the vendee because the curator *ad hoc*, by virtue of his appointment as such, is not authorized to make such agreement.

APPEAL from the Ninth Judicial District Court, parish of Carroll. *Hough*, J. *M. Dubose*, for plaintiff and appellant. *Sparrow & Montgomery*, for defendants and appellees.

LUDELING, C. J. This is an action for the resolution of a sale for the non-payment of the price.

In November, 1855, the plaintiff sold to Knox a plantation for $34,000, payable in installments as follows: Four thousand dollars on the first day of March, 1856; three thousand dollars on the first day of March, 1857; and a like sum annually thereafter until the first of March, 1865.

The first two installments, amounting to $7000, were paid at their maturity; the other notes are still unpaid.

Citations in this suit were acknowledged on the eighteenth and twenty-second of May, 1868.

The note maturing on the first of March, 1858, was not paid. At that moment, the purchaser having failed to comply with his engagement, the resolutory condition, implied in all commutative contracts, took effect, and the seller had a right to sue for the dissolution of the sale. C. C. 2045, 2561.

And from the period when the seller had the right to sue to dissolve the sale for the non-payment of the price, prescription began to run against that right; therefore the action was barred by the prescription of ten years, when it was instituted in May, 1868. C. C., 3508; 11 An. 656, George v. Lewis; 14 An. 340, Thompson v. Gelenore.

Besides, it appears from the allegations of the plaintiff's petition, that he has received $7000 of the price, and this money he has not restored or offered to restore to the purchaser. He cannot keep the price and claim the property which was sold. 4 La. 198; 19 La. 281; 9 R. 306; 2 An. 389; 4 An. 562; 21 An. 425.

The plaintiff contends that the price received by him was compensated by the rents and revenues of the place while in the possession of the vendee, and he relies upon an agreement entered into between himself and the curator *ad hoc*, appointed to represent Knox, an absentee, which is as follows:

"It is agreed between the parties, plaintiff and defendant, first, that the plaintiff waives and renounces all claim or interest in and for rents and revenues claimed in the petition for the use and occupation of the lands or plantation by the defendants and their vendees, after their purchase from the plaintiff, and it is agreed, in the second place, that in consideration of the above remuneration on the part of the plaintiff, that the defendants hereby relinquish and renounce any and all claims for the repayment of any money or moneys they may have at any time paid said plaintiff for and in part payment of the price of the land, the sale of which is sought to be dissolved and rescinded by this suit. This —— day of October, 1868.

(Signed)　　　　　　　"M. DuBOSE, Attorney for Plaintiff.
　　　　　　　　　　　"ED. F. NEWMAN, Curator *ad hoc*."

The curator *ad hoc* had not the authority to make such an agreement, and even if he could lawfully have entered into it, it did not bind the estate of McNeil, the vendee of Knox, and the real defendant. The fruits of property belonged to the owner thereof, and the *vendee* was the owner of the property, and not the vendor.

It is therefore ordered and adjudged that the judgment of the district court be affirmed with costs of appeal.

Howe, J., *concurring.*    I do not think this action is prescribed; but I concur on the second ground which forms the basis of the opinion of the court.

_____

Wyly, J., *dissenting.*    I think both the grounds upon which the opinion of the majority of the court is based, are erroneous.

The first is, that the action to dissolve this sale has been barred by the prescription of ten years; and the second is, it should not be dissolved, because the plaintiff has not restored or offered to restore to the purchaser the $7000 received as part of the price.    As to the second ground, it has not been pleaded by the parties; it was not an issue presented in the court below.    Besides, it is nothing but a dilatory exception, tending merely to delay, not defeat the action, and ought always to be pleaded *in limine litis.*

I do not think the plaintiff should lose his case because he has omitted to prove that he offered to restore the price which the defendants' pleadings did not require him to do; and I do not think it proper to decide, as a matter of fact, that the plaintiff did not offer to restore the price, an issue upon which no evidence was taken and upon which the parties did not go to trial in the court below.

The dissolving condition, based upon the rule of equity, there can be no obligation without a cause, underlies every commutative contract; and it was upon this fundamental condition that Evan George, the plaintiff, transferred to his vendee, Mrs. Knox, his valuable property in the parish of Carroll, for $34,000 on long terms of credit, and upon this condition George bound himself to warrant and defend the title

It would be a violation of that great rule of equity if Mrs. Knox and her vendee are permitted to keep the property and hold George to his obligation of warranty after violating her obligation to pay the price; and if George be held to his obligation without an equivalent as to him, there will be an obligation without a cause.

The sale was made in 1855, and the installments were, $4000 payable first of March, 1856, $3000 on the first of March, 1857, and a like sum payable annually thereafter until the first of March, 1865.    The promissory notes were given in evidence of the price, and only the first and second have been paid.    The action to dissolve the sale is based upon eight of these promissory notes for $3000 each, maturing annually from the first day of March, 1858, until the first day of March, 1865.    In May, 1868, the plaintiff instituted this suit, demanding the dissolution of the sale on the ground that his vendee, Mrs. Knox, had violated her contract by failing and refusing to pay each of these eight notes.

I think this action is based upon eight violations of the contract by said vendee, each of which being a good ground to annul the sale.

The engagement of the vendee was not to pay the first, second or third note only, it was to pay each note at its maturity. The obligation to pay the last note maturing the first of March, 1865, was just as binding as it was to pay the first; and failure or refusal to pay the last violated the contract just as much as the first. At each violation a right of action arose upon that instrument to demand the recision of the sale.

When the plaintiff demands it on each of the eight notes in the record, failing to pay each being a violation of the contract, why should we select the first note maturing in March, 1858, and decide his action is based only on that note and not on the other seven ? And because the action on that note, or for the violation of the contract in failing to pay it, is barred by the prescription of ten years, therefore the action is barred on the other seven also, although neither of them were ten years past due when this suit was instituted

When the plaintiff complains of eight distinct violations, and shows it in the record, how can we say there has been only one violation, the failure to pay the note due March 1, 1858, which gave him a cause of action, and that is barred by the prescription of ten years. Suppose the plaintiff, anticipating this ruling, had made a voluntary remission of the note maturing the first of March, 1858, which would have discharged it, and then demanded the recision on the other seven notes to which the prescription of ten years is not applicable, could the action have been defeated by the plea of prescription? Certainly not.

Now, shall we say that a man who has merely exercised a legal right, who has voluntarily remitted one note, stands stronger before the court in prosecuting his rights upon the others, than if he had chosen to be less liberal to his delinquent debtor ? Suppose the note due the first of March, 1858, had passed into the hands of a person who had permitted the prescription of five and ten years to be acquired, would the defendant be heard disputing the fact that she violated her contract in not paying each of the other seven notes held by the plaintiff, or that he has no right to claim the recision, because the party holding the note due March 1, 1858, did not do so ?

If such be law, the great rule of equity, there can be no obligation without a cause, is defeated without a reason why it should be defeated.

Why should the vendee hold the vendor to his obligation after refusing to be bound by his own, simply because one of the notes fell into tardy hands, and has been permitted to be prescribed ?

Should Mrs. Knox escape the dissolving condition claimed by her vendor, simply because the note due March 1, 1858, has been barred by the prescription of five and ten years, when the record shows that

there are seven other notes which are not prescribed; at the maturity of each a right of action arose, to enforce the payment or demand the recision of the sale.

Because the plaintiff has lost his right upon one note by lapse of time, I do not see that he has lost it on the other notes to which the plea of prescription is not applicable.

I therefore deem it my duty to dissent in this case.