The opinion of the court was delivered by
Marr, J.
The object of this suit is to have rescinded certain tax sales and the tax titles, under which defendants hold the land in controversy, and to have plaintiff declared to be the owner.
Plaintiff claims title under a deed, under private signature, the consideration of which is ten dollars, made by the assignee in bankruptcy of O. M. and W. C. Blanton, of the State of Mississippi, one of whom is the father, the other is the uncle of plaintiff. One of them was adjudicated a bankrupt, on a petition filed 28th February, 1868, the other on a petition filed láth December, 1868. The deed to Lola Blanton was dated 20th October, 1875.
The tax sales under which Ludeling purchased, and defendants claim, were on the 7th March, 1868, for Parish and State taxes, and on 16th May, 1868, for State taxes, due by the heirs of John Blanton, under whom plaintiff derives title.
Several exceptions were filed by defendants, one of which is fatal to this action; and that is : “ That no offer or tender has been made to the said Ludeling of the amounts paid by him at the tax sales at which it is alleged in the petition he acquired titles, and which sums were applied to the payment of the taxes and costs due by the owner or owners of said lands ; and that this is a condition precedent to the institution of a suit like the present.”
*1233 We incline to the opinion that ten dollars can not be regarded as a serious price for a tract of land such as that claimed by plaintiff, containing 335 acres. We very much question the right of an assignee in bankruptcy to dispose of the property of the bankrupts at private sale, without a previous order of the court. We think that, at the time this sale purports to have been made, in October, 1875, about six years after the right of action accrued to the assignee, he had no available right or claim against defendant’s claiming and holding adversely; and that his deed to plaintiff vested no greater right in her than the assignee himself had.
We think it proper also to premise, that the surrender in bankruptcy by one of the Blantons a few days before the first tax sale, and of the other Blanton several months after the last tax sale, were no obstacle to the sales. The twenty-eighth section of the Bankrupt Act, last clause, is as follows: “ Always provided: That nothing contained in this act shall interfere with the assessment and collection of taxes by the authority of the United States or any State.”
We think that when Bolton was appointed assignee of O. M. Blanton, on the 17th November, 1868, and of W. 0. Blanton, on the 19th April, 1869, the title of the bankrupts to the property in question had been, apparently and prima facie, divested by the tax sales made in March and May, 1868, which the State of Louisiana, in the exercise of her sovereign power, had a right to make, without regard to the bankruptcy of the owners ; and all that was left to their assignee was the right of redemption within the time and on the terms prescribed by the laws of the State; or, at his option, a right of action to recover the property for illegality in the tax sales, a right which was barred absolutely by the lapse of two years. We prefer, however, to place our decision upon the exception alone, which is no longer an open question.
In Daquin vs. Coiron, 6 N. S. 684, it was declared to be settled jurisprudence that where the property of minors was sold to pay debts of their ancestors, from whom they derived, they can "not recover on the ground of informality in the proceedings, without repaying the money which has been applied to their benefit.
This doctrine has been recognized and enforced in numerous cases, in which it was decided that the offer to return the consideration received is a condition precedent to the right of action to rescind a sale or a contract. Janin vs. Franklin, 4 La. 198 ; Bassett vs. Ballard, 19 La. 281; Stockton vs. Downey, 6 A. 581; Chambers vs. Wortham, 7 A. 113.
In Brown vs. Bouny, 30 A. 171, the mortgagor died, and the mortgagee proceeded via executiva, in ignorance of her death. The sale, the whole proceeding, was void; but the money was applied to the payment of the mortgage debt. The heir of the mortgagor sued to recover *1234 the property. This court recognized the doctrine as announced in Coiron vs. Daquin, and the subsequent cases cited above, and said: “No court, under the facts disclosed by this record, would give the plaintiff this property, without first requiring him to make restitution; and when this want of restitution or offer of restitution was set up, by way of exception, the court properly maintained it.”
In Barrow vs. Lapène, 30 A. 310, this doctrine is again and fully recognized. Plaintiff sued to recover his property sold for taxes; and he alleged that no taxes were due, because he had paid them himself. The exceptions were want of tender, and no cause of action. No proof was offered on the trial of these exceptions, and this court decided that the exceptions were not well taken, because there was nothing in the record to show that defendant was entitled to re-imbursement.
The amount of taxes paid by Ludeling, in this case, appears by the tax deeds and other evidence in the cause. These taxes were a lien on the land, binding the owners, and those claiming under them; and the restitution of this amount, or the offer to restore was a condition precedent to the right of action to annul the tax titles, and to recover the property. The district judge erred, therefore, in not maintaining this exception, and dismissing the suit.
The judgment appealed from is therefore annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that the exception number three, of want of tender or offer to return to Ludeling the amount paid by him at the tax sales of the land in controversy, be maintained, and that this Suit be dismissed, plaintiff and appellee paying the costs in this court and in the district court.
Rehearing refused.