## COINTMENT v. SEGREST.
### No. 1906.

Court of Appeal of Louisiana. First Circuit.

Nov. 17, 1938.

Carlos G. Spaht, of Baton Rouge, for appellant.

Blanche, Hebert & Wilson, of Baton Rouge, for appellee.

OTT, Judge.

In December, 1933, plaintiff and defendant entered into a contract whereby plaintiff agreed to sell and defendant agreed to buy a lot and house in Standard Heights, a Subdivision of Baton Rouge, for the consideration of $4,250, payable at the rate of $45 per month, beginning January 15, 1934, with the right on the part of the purchaser to take possession of the property. It was specified in the contract that in case the purchaser defaulted for a certain time in the payments, the vendor would have the right to terminate the contract, and all payments made would be forfeited as earnest money, and in addition to the forfeiture of the payments made, the purchaser agreed to pay the seller an additional sum of $500 as liquidated damages, which amount the parties agreed to be reasonable and for the purpose of covering depreciation of the property, etc.

It is alleged in the petition that the defendant failed to pay the installment due December 15, 1934, and failed to make any payments thereafter, but continued to occupy the property for four months after default in the payments. Plaintiff sues to recover the stipulated damages of $500, and in the alternative, in case it is held that the stipulated damages are not recoverable, that he recover rent at the rate of $45 per month for the four months that defendant occupied the property after default in his payments. It is also alleged that the liquidated damages fixed in the contract are reasonable and proper for the reason that during the time defendant occupied the property, it depreciated in value and was damaged by defendant more than $500.

Defendant filed an exception of vagueness based on the ground that plaintiff did not set forth the particulars in regard to the damage and depreciation of the property while it was in the possession of the defendant. By agreement of counsel, the court sustained the exception, and plaintiff filed a supplemental petition setting up in detail the various items of damage to the property, amounting to the total sum of $654.

Defendant admitted signing the contract, and also admitted his default in the payments, but he denied the right of the plaintiff to recover the $500 liquidated damages for the reason that the clause in the contract providing for such damages is illegal and unenforceable. He also denied that the property was damaged while in his possession, but, on the contrary, he alleged that he had made repairs and improvements on the property amounting to $129.20, had paid insurance premiums on it in the sum of $47.78, had paid $16.75 on a water heater left in the house, and had sustained damage to curtains in the house from leaks in the sum of $38, a total of $231.73. The defendant also alleged that he had paid $495 on the contract, and that the clause in the contract for a forfeiture of this amount was illegal and he was entitled to recover this amount from the plaintiff. He accordingly filed a reconventional demand for all these items totalling $726.73.

Judgment was rendered rejecting the demands of the plaintiff and also rejecting the reconventional demand of the defendant. The plaintiff only has perfected an appeal, and as the defendant has filed no answer to the appeal, the reconventional demand is not before us.

The first question to determine is whether or not the clause in the contract providing for liquidated damages in the sum of $500 for default by the defendant is legal and enforceable. The party who violates a contract is liable as one of the incidents of his obligation to the payment of damages which the other party has sustained by his default. Civil Code, Article 1930.

Article 1934 of the Civil Code provides that where the object of the contract is anything but the payment of money, the damages due the creditor for its breach, are the amount of the loss he has sustained and the profit of which he has been deprived, under the exceptions and modifications contained in the article. The object of the contract in this case is the sale and purchase of immovable property. Under paragraph 5 of this article, 1934, the parties may by their contract, fix the sum that shall be paid as damages for its breach, in which case the creditor must recover the sum, but is not entitled to more. But where the contract is executed in part, the damages agreed on by the parties may be reduced to the loss really suffered, and the gain of which the party has been deprived, unless there has been an express agreement that the sum fixed by the contract shall be paid, even on a partial breach of the agreement.

■ According to the petition and the facts in this case, the contract has been performed in part, and there is no stipulation that the $500 is to be paid in case of a partial performance, and therefore, by the terms of the Codal article, the plaintiff's damages must be reduced to the loss really suffered, and the gain of which he has been deprived.

The defendant claims that the clause in the contract for a forfeiture of the amount paid and the payment of liquidated damages in the sum of $500 in case of default on the part of the purchaser is arbitrary, unreasonable and without consideration, and therefore null and void under the decision in the case of Heeb et ux. v. Codifer & Bonnabel, Inc., 162 La. 139, 110 So. 178, and other cases following that case. However, it is immaterial in this case whether or not these provisions in the contract are unenforceable for the reason that the measure of damage suffered by the plaintiff must be computed on the same basis as if there were no such provisions in the contract, as the contract was partly performed, and plaintiff can only recover the loss he has suffered by reason of the default of the defendant in the performance of the contract to purchase.

■ In order to determine the loss that plaintiff has suffered, it is necessary to ascertain the amount of money that plaintiff has received from the defendant under the contract, and the other payments made by the defendant which inured to the benefit of the property and to plaintiff, and off-set against this benefit to plaintiff, the rental value of the property and the damage caused to the property by the defendant, and its depreciation in value through defendant's use of it. Ekman et al. v. Vallery, 185 La. 488, 169 So. 521.

■ There is a discrepancy in the evidence as to the amount paid by defendant on the contract. The defendant and his wife testified that they had made eleven or twelve payments of $45 each. But an affidavit of the vice-president and secretary of the Capitol Building & Loan Association, to which the payments were made by defendant for plaintiff's account, shows a total of only $381 paid by defendant during the time he occupied the property. We are unable to account for this difference, but in view of the fact that the petition shows

that default was made in the payment due December 15, 1934, we must conclude that payments were made from January 15th to November 15th, 1934, inclusive, or a total of eleven payments at $45 each, and we must give the defendant credit for total payments of $495 as he claims in his answer. Defendant also paid insurance on the property in the sum of $47.78. This insurance inured to the benefit of the plaintiff, thus making a total of $542.78 received by the plaintiff, and inuring to his benefit.

The defendant occupied the house sixteen months, and should pay a reasonable rental therefor. One real estate man says the house was worth from $35 to $40 per month rent during the time defendant occupied it. Plaintiff says he could have rented the house for $45 per month. Two real estate men testified for the defendant on this point. One says that $25 per month would have been "tops" for the property at the time; another says from $25 to $27.50 would have been a fair rental. Taking all the testimony together, we think that a rental of $30 per month for the sixteen months would be reasonable. This makes a total of $480, leaving an advantage to plaintiff of $62.78, unless the damage to the property caused by defendant exceeds that amount. We do not think plaintiff has proved damages to the house in excess of that amount, after considering the repairs and improvements made by the defendant on it.

Plaintiff claims that defendant had the walls and woodwork in the interior repainted with a different kind and color of paint that detracted from the appearance of the house. It is shown that defendant repainted the interior walls and woodwork in the living room and dining room, but the work was done by a competent painter, at a cost of $20 for the labor and more than $25 for the paint. We do not think plaintiff has shown any damage to the property on account of this re-painting.

Other items of damage, such as pulling out the shower bath from the bathroom, leaving a hole in the plaster, breaking the glass in the garage doors, pulling down shelter over the back porch, removing the electric door bell, and breaking the cement in the hot water closet, are not proved with any degree of certainty, and if some of them were proved, they are so small as not to off-set the additional credit due defendant as stated above. As to the screens, it appears that the defendant spent some

$28 in repairing them, and they were in as good condition when defendant left the premises as when he entered them. It is also claimed that the defendant cut down a lot of shrubbery. It is true that defendant did cut down some cactus trees, but some of them blew down and had to be removed. Defendant also spent some money for replanting shrubbery and having the yard landscaped.

The defendant purchased a hot water heater on which he paid something over $16 and when plaintiff took possession of the property, he paid the balance due on the heater and kept it, so we do not see where he has suffered any damage on that account. Defendant did collect some $23 for windstorm insurance caused by a storm, but he spent practically all this amount repairing the roof. It is charged that defendant scrubbed the highly polished hardwood floors with lye or other corrosive substance and damaged them to the extent of $100. We do not think the evidence supports this item of damage, nor does it support the claim of damage to the fence.

For the reasons assigned, the judgment is affirmed.