### SOUTHWESTERN IMPROVEMENT CO. v. WHITTINGTON.

No. 2064.

Court of Appeal of Louisiana. First Circuit.

Jan. 30, 1940.

S. I. Foster, of Leesville, for appellant.

Pujo, Hardin & Porter, of Lake Charles, for appellee.

DORE, Judge.

On January 19, 1924, the American Lumber Company entered into separate but identical contracts with C. S. Whittington and J. D. Warden, to sell and convey the SE¼ of SW¼ of Section 36 in Township 1 South of Range 10 West in Vernon Parish; Whittington agreeing to buy the west half of the forty acres and Warden the east half thereof. The consideration in each contract was fixed at the sum of $300, of which $60 was to be paid in cash, and the balance of $240 was represented by four promissory notes for $60 each, due annually, beginning with January 19, 1925, and bearing interest at 8 per cent per annum from date. The purchasers in each contract agreed to pay the taxes on the respective tracts, and the lumber company agreed to execute a deed to the respective purchasers covering the said tracts after all of said notes and the taxes were paid in full.

It was further provided in said contracts that in case the purchasers defaulted in the payment of any part of the principal or interest on said notes, or failed to pay the taxes, then the contract was to be for-

feited on the part of the purchaser, and the seller had the right to retain the amount paid, as well as any improvements placed on the property by the purchasers, as stipulated damages for the non-fulfillment of the contract of purchase, and the seller was given the right to retake possession of the property.

Warden assigned to Whittington on January 19, 1925, all of his interest in and to his contract for the purchase of half of the forty acres, and Whittington agreed to assume all of the obligations under the contract and notes executed by Warden. For the purposes of this suit, then, the situation is the same as though Whittington had agreed to purchase the whole forty acres for $600, payable $120 cash and the balance in four notes for $120 each, payable annually beginning January 19, 1925, with interest at 8 per cent per annum, and to pay all taxes on the forty acres.

In December, 1932, the American Lumber Company sold the forty-acre tract (with other lands) and all of its right, title and interest in this tract, to the Southwestern Lumber Company. This suit was filed by this latter company in August, 1938, against Whittington to cancel these two contracts on account of default in the payments provided for therein, and asked that all payments be declared forfeited as liquidated damages, and that it be given possession of said land with the improvements thereon. It is alleged that there is a balance due on both contracts in the sum of $560.68.

The defendant filed an exception of no cause or right of action and a plea of ten years' prescription, both of which were referred to the merits. Defendant admitted the contracts but denied that there was a balance due as alleged in the petition. The defendant alleged that he and Warden together had made payments on said contracts from December, 1923, to October, 1931, aggregating $640.01; that he has improved the land by taking out the stumps, putting a fence around it, and by building a house and outhouses on it, at a total cost of $1,040. He asks that the suit be dismissed, and, in the alternative, if the contracts are cancelled, that he have judgment in reconvention for the amount paid on the contracts and the value of the improvements, a total of $1,640.01.

After answer filed, plaintiff filed a supplemental petition averring that each of the twenty-acre tracts was worth more than $300, and that while plaintiff was entitled, under the contracts, to a forfeiture of the improvements on the land, it did not desire to enforce this provision and waived this right and asked, if the contracts were cancelled as prayed for in the original petition, that the defendant be given a reasonable time to remove the improvements. By another supplemental petition, and with the consent of the defendant, the Southwestern Improvement Company was substituted as plaintiff in place of the Southwestern Lumber Company. And by a third supplemental petition, the plaintiff set up, as an alternative demand in case its original demand for the cancellation of the contracts was not granted, that it recover the balance due on the contracts of $560.68, to which demand the defendant filed a plea of five years' prescription.

The trial court overruled the exception of no cause or right of action and the pleas of prescription, and rendered judgment in favor of plaintiff cancelling the contracts, decreeing the plaintiff to be the owner of the said land and entitled to the possession thereof, and allowing the defendant until October 15, 1939, in which to remove his improvements from the land and surrender possession thereof. Defendant has appealed.

The principal points urged by counsel for defendant, in this court, are:

■ (1) The plea of ten years' prescription is urged against the enforcement of the provision in the contracts for their cancellation and dissolution where default is made in the payments therein provided. The last payment was due January 19, 1928, and the suit to cancel the contracts was not filed until August, 1938, more than ten years later. It seems that an action to dissolve or cancel a contract for the purchase of land because of failure to fulfill a resolutory condition is a personal action and prescribed in ten years. George, Curator, v. Lewis, 11 La.Ann. 654. This prescription begins to run from the date default is made in the last payment, which, in this case, was January 19, 1928. However, the record is replete with acknowledgments by the defendant of his obligations under the contracts from the time these payments were due until a year or so before the suit was filed. Prescription ceases to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title is subject to prescription. C.C. Art. 3520. These obligations of the defendant under the contracts which he

acknowledged were just as much parts of the contracts as was the obligation of the seller to make a deed to the land after these obligations were fulfilled by the defendant. It is, therefore, obvious that the running of the ten years' prescription was interrupted by these acknowledgments. Moreover, we see no benefit to be derived by defendant in sustaining the plea of prescription of ten years, in that if the contracts were prescribed, in accordance with his argument, the defendant would have no right of title, and plaintiff would still be owner of the property, and would be entitled to a writ of possession therefor, since defendant would be in possession by virtue of these very contracts which he claims are prescribed.

■ (2) It is contended that the contract to execute a deed when certain payments are made is the same as a sale and governed by the same rules as apply to the dissolution of a sale for the nonpayment of the purchase price. However, an agreement to sell land and execute a deed therefor when certain payments are made, is not a sale and the title does not pass to the purchaser until the deed is executed. Powell v. Codifer & Bonnabel, 167 La. 97, 118 So. 817. This difference is important in this case for the reason that in an action to dissolve a sale where a title has been made, the purchaser is entitled to the rent and revenue of the property until the sale is dissolved (George v. Knox, 23 La.Ann. 354), whereas, in a mere contract to sell the title remains in the seller, and in case of a dissolution of the contract, the purported seller is entitled to the rents and revenues of the property during the time of occupancy by the purported buyer.

■ (3) It is also urged that the original petition which asked for a cancellation and dissolution of the contracts does not set out a cause of action, for the reason that the plaintiff does not offer to return the amount paid on the contracts, and because the plaintiff, as the assignee of the original seller, has no right to ask for the cancellation of the contracts. On the first point, it is true that in an action to dissolve a sale for the non-payment of the price, where title has passed, the vendor must allege and prove that he has offered to return the part of the purchase price paid, and in allegation to the effect that the rent of the land exceeds the payments is not sufficient. George v. Knox et al.,

23 La.Ann. 354. However, this is not an action to dissolve a sale where title has passed to the purchaser, but to cancel a contract of sale where title has never left the seller, and where the purchaser owes rent which may be offset against these payments if the contract is cancelled. Ekman et al. v. Vallery, 185 La. 488, 169 So. 521. And, on the other point, the assignee of the American Lumber Company is given the special right in respect to these contracts to exercise all the rights that the original seller could have exercised. The cases cited by defendant on this point only hold that the assignee or endorsee of a vendor's lien note has no right to sue for a dissolution of the sale for nonpayment of the price unless specially authorized to do so. In this case, the plaintiff has all the rights to ask for a dissolution of the contracts as the original seller had or could have had.

We find from the evidence that the defendant had paid $546.64 on these contracts from the time the contracts were signed until the suit was filed fourteen years and seven months later, and that there is a balance due of $560.68 as claimed in the petition. There is considerable difference in the evidence as to the rental value of the property. However, the evidence justifies a finding that the property was worth at least $75 per year. For fourteen years, this would be a rental value of $1,050. In his answer, the defendant claims $250 for clearing the lands of stumps. The judgment allowed him to remove all of the improvements, and he is not entitled to any reimbursement for their value.

■ Therefore, defendant's entire claim amounts to $796.64 for the payments he made and for clearing the land of stumps. Against this amount the plaintiff has the right to offset the rental value of the land, which, as shown above, exceeds in value these credits. Under the authority of Cointment v. Segrest, La.App., 184 So. 360; Ekman v. Vallery, supra; and Pruyn v. Gay, 159 La. 981, 106 So. 536, the trial court correctly ordered the cancellation of the two contracts and correctly offset the payments made and the credits for improving the land against the rental value, and gave defendant time in which to remove the improvements and surrender possession. Since the date set by the trial judge to remove the improvements from the land and surrender possession by the

defendant has passed, the judgment will be amended granting defendant additional time for that purpose.

· For these reasons, the judgment is amended by allowing defendant thirty days from the time our judgment becomes final within which to remove his improvements from the land and surrender possession of the property in contest, and as thus amended, the judgment is affirmed.