CULPEPPER, Judge.
This is a suit for the dissolution of a sale of immovable property on the grounds that the buyer has not paid the purchase price. The plaintiff is Mrs. Alice Voltz Toler, who sold the property in 1963 to her son, Dr. William P. Toler. The defendants are (1) Dr. Toler, (2) the heirs of his deceased wife, who inherited her community interest in the property, and (3) Leon S. Haas, Jr., administrator of the estate of the deceased wife. The district judge sustained defendants’ exception of liberative prescription of ten years, on the grounds that this was a credit sale, the first payment being due on September 19, 1963, that no payments were ever made on the purchase price, and that this suit filed on October 21, 1975 is prescribed.
The defendants then filed an application for a new trial, on the grounds that newly discovered evidence showed that while Dr. Toler was the administrator of his wife’s succession in 1968 he filed a schedule of debts, in which he acknowledged the community owed $11,500.00 of the purchase price of the property. Plaintiff contends in her application for a new trial that this acknowledgment of the debt by Dr. Toler interrupted or suspended the prescription of ten years within which this suit for the dissolution of the sale could be filed.
At the hearing on the motion for a new trial, the entire record in the succession of Dr. Toler’s wife was introduced into evidence, but only the schedule of debts is in the record on appeal. The testimony of both Dr. Toler and of the plaintiff was also taken at the hearing. The district judge denied the motion for a new trial on the basis that the cause of action to dissolve the sale for failure to pay the purchase price and the cause of action for the collection of the credit portion of the purchase price are two separate and independent remedies. Thus, even if prescription on the debt was interrupted or suspended, this would not interrupt or suspend the ten-year prescriptive period within which plaintiff could file suit to dissolve the sale. From the judgments sustaining the exception of prescription and denying the motion for a new trial, plaintiff appealed.
The issues on appeal are: (1) Was the trial judge correct in sustaining the exception of prescription? (2) Was the trial judge correct in denying the motion for a new trial?
No evidence was taken at the original hearing on the exception of prescription. The exception was decided on the basis of the pleadings and the arguments and mem-oranda submitted by counsel. In her petition, plaintiff alleges that on August 19, 1963, she sold to the defendant, Dr. Toler, by an act of sale and mortgage, 162 acres of land in St. Landry Parish. A copy of the act of sale and mortgage attached to plaintiff’s petition shows that the purchase price was $15,000, the entire amount being represented by one note for the sum of $15,000, payable in equal monthly installments of $500, beginning on September 19, 1963. Of course, the instrument provides the usual vendor’s lien and mortgage to secure payment of the note. *
*668 Plaintiff’s petition alleges that Dr. Toler failed and refused to pay any portion of the purchase price. The petition alleges further that on March 26, 1968, the clerk of court canceled and erased the “Mortgage” from his records, but that he did so without authority and the mortgage should be rein-scribed. Plaintiff prays for dissolution of the sale and return of the property to her free of all' encumbrances.
The trial judge was clearly correct in sustaining the exception of prescription. In the recent case of Sliman v. McBee, 311 So.2d 248 (La.1975), the court, citing prior jurisprudence, emphasized that the right of the seller, under LSA-C.C. Article 2561, to dissolve the sale for failure of the buyer to pay the purchase price, is an entirely separate and independent remedy from the right of the seller to sue for any amount due on the purchase price. The court stated:
“Where the commutative contract is one of sale, the special rules governing the contract of sale must be consulted, in addition to the general principles announced above. Id. art. 2438. The principal obligation of the buyer is to pay the price of sale. Id. art. 2549(1). Upon his failure to do so, the vendor has two remedies available: one for the enforcement, or affirmance, of the contract and the other for its dissolution. The second right, asserted here by Mrs. Sliman, is an independent, substantive remedy available under article 2561 of the Civil Code that is in no way dependent upon the existence of a security device such as a mortgage or a privilege, which secures the first remedy of the seller, i. e., the enforcement of the buyer’s obligation to pay the price agreed upon in the contract of sale.”
Applying the rule of Sliman to the present matter, we find that the allegations of plaintiff’s original petition show her suit to dissolve the sale is prescribed. She alleges that under the act of sale and mortgage dated August 19, 1963, the entire purchase price of J)15,000 was represented by one note payable in equal monthly installments beginning September 19, 1963. The petition then alleges that no portion of the price has ever been paid. Our jurisprudence has established the rule that the lib-erative prescription of ten years under LSA-C.C. Article 3544 is applicable to the right to dissolve a sale under LSA-C.C. Article 2561, and that in the case of credit sales the prescriptive period begins to run from the moment the buyer defaults on the payment of the credit portion of the price. Louis Werner Sawmill Company v. White, 205 La. 242, 17 So.2d 264 (1944); Latour v. Latour, 134 La. 342, 64 So. 133 (1914). In the present case, the prescriptive period of ten years commenced on September 19, 1963, which was the date Dr. Toler defaulted on the payment of the first monthly installment. Therefore, this suit filed on October 21, 1975 is, on its face, barred by prescription.
The next issue is whether the trial judge erred in denying the motion for a new trial. As stated above, the grounds for the motion are that after the hearing of the exception of prescription the plaintiff discovered new evidence, which she could not with due diligence have obtained before the hearing. Specifically, plaintiff contends that after the hearing she discovered that in the record of the Succession of Juanita Frances Toler, the wife of Dr. Toler, a schedule of debts was filed in 1968 by Dr. Toler, as administrator of the succession of his wife, in which he listed as a community debt the sum of $11,500 due and owing to the plaintiff, Mrs. Alice Lee Toler. Plaintiff contends this was an acknowledgment of the debt and interrupted or suspended prescription both as to the debt and the right to dissolve the sale.
Counsel have not cited, nor have we found, a case dealing with the precise issue of whether interruption of prescription as to the debt also interrupts prescription as to the right to dissolve. However, under the rule quoted above from Sliman, we find it necessarily follows that it does not. Since the right to dissolve the sale under Article 2561 is separate and independent from the right to enforce the buyer’s obligation to *669 pay the price, the interruption of prescription as to the debt is immaterial to the right to dissolve the sale. Therefore, even assuming that Dr. Toler did in 1968 acknowledge that the community owed $11,500 on the purchase price, this acknowledgment would be relevant only to a suit by the vendor to collect the purchase price and to enforce any security devices which she might claim exist for the payment thereof. The acknowledgment of the debt would not interrupt the prescriptive period applicable to plaintiff’s right to dissolve the sale.
Plaintiff cites Southwestern Improvement Company v. Whittington, 193 So. 483 (La.App. 1st Cir. 1940) to support her position. In that case the plaintiff sued to dissolve a contract in which the defendant agreed to purchase a tract of land. The defendant’s exception of prescription of ten years was overruled on the grounds that defendant had made repeated acknowledgments of his obligation to buy the property, thereby interrupting prescription. The cited case is readily distinguishable since it involved a contract for the purchase of land, whereas the present case involves a sale and is controlled by LSA-C.C. Article 2561 and the jurisprudence from our Supreme Court construing that article.
Plaintiff makes a persuasive argument that it is illogical and inequitable to hold that interruption of prescription on the debt does not also interrupt prescription on the right to dissolve the sale. In effect, this would mean that the right to dissolve is an accessory of the debt. LSA-C.C. Article 2561 was amended in 1924 to add the provision that “This right of dissolution shall be an accessory of the credit representing the price”. (Emphasis added) The author of the comment in 1 La.L.Rev. 800, at page 805 et seq. (1939) expressed the opinion that the purpose of the 1924 amendment was to overrule prior jurisprudence by making the right of dissolution an accessory of the debt, with the result that the right to dissolve is coexistent with the debt. Nevertheless, in Louis Werner Sawmill Company v. White, 205 La. 242, 17 So.2d 264 (1944), which was the first case to reach our Supreme Court on the issue after the 1924 amendment, the court held that the right to dissolve is not an accessory of the debt. The court reasoned that since the legislature did not also amend Article 3544, the ten-year prescriptive period for filing the action to dissolve was not changed. In Sliman v. McBee, our Supreme Court followed Louis Werner and cited it with approval. We conclude these cases from our Supreme Court are controlling. If that court desires to change or modify its prior rulings, then perhaps it will grant a writ and do so.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.