165 So. 131

**WIENER et al. v. CRYSTAL OIL REFINING CORPORATION.**

No. 33466.

Dec. 2, 1935.

Rehearing Denied Jan. 6, 1936.

E. W. & P. N. Browne, of Shreveport, for appellant.

J. L. Wiener, of Shreveport, for appellees.

ROGERS, Justice.

This is a suit for rent under two leases covering an oil filling station in the city of Shreveport. The leases were executed on July 11, 1928, and March 21, 1929, both to expire on August 19, 1938. The first lease calls for a rental of $200 a month and the second lease calls for a rental of $30 a month, or a total monthly rental of $230 for the whole property. The contracting parties were Montgomery Martin, the lessor, and Crystal Oil Refining Corporation, the lessee. On May 22, 1931, Montgomery Martin sold the property and assigned the leases to the plaintiffs. The lessee continued to occupy the leased premises, and, with the exception of certain remissions, to pay plaintiffs the stipulated monthly rental until May 1, 1934, when the lessee defaulted on its obligation.

Plaintiffs sued for five months' rental at $230 a month, beginning May 1, 1934, which was the amount due up to the time the suit was filed, and also for the rent to become due up to the time of the rendition of the judgment.

Defendant in its answer admitted the execution of the leases, the occupancy of the leased premises and the payment of the monthly rentals to plaintiffs, but denied that the payments were made under the provisions of the leases. Defendant alleged a breach of the lease contracts at the date of the sale of the leased

premises by Martin to plaintiffs, and that as a result of the alleged breach the lease contracts were canceled as of that date. Defendant by way of reconvention also claimed $10,000 as liquidated damages for the alleged violation of the lease contracts.

On the trial of the case, the court below gave plaintiff judgment for the amount of the rent due and unpaid up to the time of the rendition of the judgment and rejected defendant's reconventional demand. Defendant has appealed.

The primary question to be determined is whether there was any breach of the lease contract as alleged by the defendant. This question involves only the first lease, which contains a clause granting the lessee an option to purchase the property at the same price the lessor may be offered bona fide by a third person and that ten days' prior written notice of such offer shall be given the lessee. The breach relied upon by defendant is the alleged failure of Martin, the lessor, to give defendant, the lessee, notice of the offer of sale as required by the option clause of the lease.

The record shows that on the trial of the case four witnesses testified on the question of notice, one on behalf of plaintiff and three on behalf of defendant. The witness for plaintiff was Montgomery Martin, the original lessor and owner of the property. Mr. Martin, whose credibility is not attacked, is an experienced real estate agent in the city of Shreveport. He testified that he gave

the notice and made the offer called for by the lease contract. That he personally took the notice and offer to defendant's offices in the Commercial Bank Building, where he served it on the officers in charge of defendant's business. The defendant's three witnesses were a former vice president and general manager, a former secretary and assistant secretary, and a lady clerk of the defendant corporation. None of these witnesses denied the testimony given by Mr. Martin. They simply declared that they had no recollection of having received the notice and offer some four years before the date on which they testified.

■ Obviously, the positive statement of plaintiff's witness that he gave the notice and made the offer required by his contract is entitled to greater weight than the purely negative testimony of nonrecollection given by defendant's witnesses. It is far more probable that defendant's witnesses have forgotten the occurrence than that it should be distinctly impressed on the mind of plaintiff's witness, if it never took place. Moreover, the testimony of plaintiffs' witness is corroborated by other admitted or established facts of the case.

The record unquestionably shows that without protesting or asserting any rights under the option defendant continued to occupy the leased premises as plaintiffs' tenant for a period of more than three years after the alleged breach. During that period defendant, except where a reduction was mutually agreed upon, paid plaintiffs the monthly rent stipulated in the lease. And in the correspondence between the parties defendant repeatedly recognized plaintiffs as the owners and lessors of the leased premises. Apparently, never at any time prior to the filing of its answer in this suit was any claim made by defendant that the lease contract had been breached by plaintiffs' alleged failure to give the notice and make the offer required by the contract.

■ As against himself, it is to be presumed that a person's conduct corresponds with the truth. The course of conduct pursued by the defendant is highly significant as tending to show that the notice was given and offer made as testified by plaintiffs' witness. Consideration of the usual course of human conduct cannot explain it otherwise.

■ Our conclusion that the lease contract was not breached as alleged by defendant dispenses with any discussion on our part of the effect or the waiver of the alleged breach.

■ Defendant contends that the trial judge erred in giving judgment for rentals accruing after the suit was filed. But defendant concedes that the judgment would be correct if plaintiffs had demanded the accrued rentals by amendments to their petition.

An examination of the allegations and prayer of plaintiffs' petition discloses that their demand was not only for the rent due at the time the suit was filed, but also for the rent to become due up to

the time of the rendition of the judgment. No exception of prematurity was interposed to the demand for the rent to become due. In the absence of such exception, we see no reason why the demand for the accruing rent could not be made in the original petition as well as in a series of amended petitions. The judgment conforms to the pleadings and to the proof furnished thereunder.

■ Appellee has answered the appeal praying that the judgment be amended by including the installments of rent becoming due during the pendency of the appeal and by an additional judgment for all future rentals called for by the lease to become executory as the installments accrue. Appellee's prayer cannot be granted. A party will not be heard on an issue that is not included in the appeal.

The Supreme Court can consider and dispose of a case only in the condition in which it was when the judgment appealed from was rendered, and let subsequent events have such effect as the law may give them. Jefferson v. Herold, 144 La. 1064, 81 So. 714.

We do not find it necessary to pass on appellant's pleas of estoppel and lis pendens and appellees' counterplea of estoppel filed in this court.

For the reasons assigned, the judgment appealed from is affirmed.