LAND, Justice.
 

 Under a bond for deed agreement, of date April 24, 1928, plaintiffs sold to defendant for the price of $2,600 a piece of real estate with a negro cottage thereon, located at 2109 Third street in the city of New Orleans.
 

 Defendant paid in cash $250 and agreed to pay balance of $2,350 in installments of $23.50 per month. Defendant also assumed payment of 1928 taxes and all taxes thereafter levied on the property, ás well as all premiums for insurance.
 

 Plaintiffs agreed, after all payments made, to transfer the lot and improvements to defendant by warranty deed.
 

 It was stipulated in the bond for deed agreement that, if defendant fell in arrears, plaintiffs would be entitled to possession of the premises, and could forfeit all payments made as liquidated damages.
 

 Defendant paid all installments until May, 1934, and insurance for six years and taxes for five years. Defendant also made improvements on the property in 1928, 1931, 1932, 1933, and 1934. These improvements, which are not contested by plaintiffs, together with the monthly installments, insurance and taxes paid, amount to $2,163.73.
 

 On December 1, 1934, when defendant was in arrears, plaintiffs filed suit and prayed for judgment, giving plaintiffs possession of the premises, and forfeiting all installments, taxes and insurance previously paid as liquidated damages, as stipulated in bond for deed agreement.
 

 Defendant answered, admitting the existence of the bond for deed agreement, and the fact that she was in arrears., and reconvened for all installments, insurance and taxes paid, and all improvements made, less a just and reasonable rental for the occupation of the premises, the only matter in contest in this case.
 

 Judgment was rendered in favor of plaintiffs, annulling and canceling the bond for deed, and decreeing that, on the
 
 *491
 
 payment to defendant of the sum of $1,227.73, a writ issue herein to eject defendant from the premises, and that defendant pay all costs of the proceedings.
 

 From this judgment plaintiffs have appealed.
 

 1. The provisions in the bond for deed sued on, seeking to forfeit the payments and installments made and expenses incurred by defendant, are void. As said by this court in Heeb v. Codifer & Bonnabel, 162 La. 139, 110 So. 178, 179: “The inequity, unreasonableness, and illegality of such a penal clause as here sought to be enforced is so obvious as to scarcely need citation of authority.
 

 “We may quote, however, from Griffin v. His Creditors, 6 Rob. 216:
 

 “ ‘If, then, any penalty or damages were agreed on, it must necessarily have been entirely for the purchaser’s default or delay to pay the money. There is, in our law, a marked difference between the damages which may be stipulated for the breach of an obligation to pay money, and an obligation to give a thing or perform an act.
 

 “ ‘Where the obj ect of a contract is anything but the payment of money, the parties may determine the sum. * * *’
 

 “But it is otherwise when the contract is to pay a sum of money. The law has provided that no damages exceeding 8 per cent, per annum on the amount that was to be paid can be stipulated.”
 

 Defendant is therefore entitled to a return of moneys paid in installments, for insurance and taxes, and for improvements placed on the premises at her cost.
 

 After hearing the evidence in the 'case and the argument of counsel, the 'court found that all payments made by defendant, plus the improvements on the 'property, amounted to $2,163.73, and that a fair rental of the property from April 1, 1928, to the last day of June, 1935, amounted to $936, and that the balance due defendant, after the deduction of the rental, is the sum of $1,227.73.
 

 Four rental experts testified in the case. Mr. Cohen and Mr. Oppenheimer, on behalf of plaintiffs, both testified that the property had a rental value of $30 per month from 1928 through 1932, and a rental value of $20 per month from 1932 to the present date.
 

 On the other hand, two rental experts, Mr. George A. Willie, manager of the rental department of E. A. Car rere, and Mr. Jos. Spiro testified on behalf of defendant. Mr. Willie testified that the premises had a rental value of $12 per month from 1928 to 1931; $11 per month for 1932 and 1933; and $10 per month for 1934 and 1935, to the present date. Mr. Jos. Spiro testified that the property had a rental value at present of $2 per week, and that the property since 1928 had never had a rental value in excess of $2.75 a week.
 

 The trial judge then itemized the rental as follows:
 

 April, 1928 through 1929, 21 mouths at $12.00 per mouth ..................................... $252.00
 

 1930 through 1931, 24 months at $11.00 per month ......................................... 264.00
 

 1932 through June, 1935, 42 mouths at $10.00 per month ..................................... 420.00
 

 Total
 

 $936.00
 

 
 *493
 
 Mr. George A. Willie is connected with: E. A. Carrere, and is the manager of the’-] real estate office of that firm. He has been in the rental collection business for twenty-years. He is familiar with the neighborhood of 2109'Third street where this property is situated, and has collected rentals in that vicinity. T. p. 22.
 

 He personally inspected the premises of defendant, and testified that it is a single house with two rooms across the lot and two drop shed rooms, making the two rear rooms smaller than the front rooms. The two front rooms are boarded and the two back rooms are also boarded. He testified that, as to rental values, the property is “a poor type of negro property.” T. pp. 22, 23.
 

 Mr. Jos. Spiro also personally inspected this property. He testified: “That it is crudely constructed, in that it is made of oversized boards and the interior is not plastered an'd I would designate it as a shack rather than a house, as it is in a rather dilapidated condition.” T. p. 15.
 

 He further testified that the plumbing consists only of a toilet; that it has no fireplace or any other means of heating than the wood stove in the room used as a kitchen; that the only means of lighting it had was lamps; and that there was no electric installation. T. p. 15.
 

 This witness was familiar with the character of negro property in that neighborhood, and had handled and rented property there. T. p. 16.
 

 The two 'rental experts of plaintiffs did fnot personally inspect the property, and referred to it in their testimony as a double house or cottage. Their estimates of rental value of $30 per month from 1928 through 1932 and of $20 per month from 1932 are obviously excessive.
 

 Our conclusion is that the rental allowed by the trial judge was reasonable and fair.
 

 2. Plaintiffs have set up in their brief their right to collect rent for the occupation of the premises since the judgment rendered in the district court. This contention of plaintiffs is answered in Wiener v. Crystal Oil Refining Corporation, 183 La. 879, 165 So. 131, 132, in which the court said: “Appellee ’ has answered the appeal praying that the judgment be amended by including the installments of rent becoming due during the pendency of the appeal and by an additional judgment for all future rentals called for by the lease to become executory as the installments accrue. Appellee’s prayer cannot be granted. A party will not be heard on an issue that is not included in the appeal.
 

 “The Supreme Court can consider and dispose of a case only in the condition in which it was when the judgment appealed from was rendered, and let subsequent-events have such effect as the law may give them. Jefferson v. Herold, 144 La. 1064, 81 So. 714.”
 

 3. Plaintiffs request that this case be remanded in order to show that defendant was not the proper party to reconvene herein.
 

 
 *495
 
 Plaintiffs' proceeded solely against defendant and set up her capacity to stand in judgment, and cannot deny her capacity and sole right to reconvene at this time.
 

 This defense was never raised in the lower court. There was no . contention made there or proof offered that defendant has any children, or issue raised as to whether she was reconvening for separate or community funds.
 

 As said in Succession of Turgeau, 130 La. 650, 58 So. 497, 499: “We have again and again decided that all pleas, whether orally or in writing, should in some way be made before the court of the first instance.”
 

 And in New Orleans Land Co. v. Board of Levee Com’rs., 171 La. 718, 719, 132 So. 121, we held that: “Contention, first raised on appeal, not being presented by pleadings or evidence, cannot be considered.”
 

 Finally, defendant prays that a judgment be rendered in her favor in this court and against plaintiffs, in solido, in the sum of $1,227.73, or the difference between $2,163.73 and a fair rental. As defendant has not appealed, and has not answered the appeal and so prayed, the judgment of the lower court must remain as rendered.
 

 It is therefore ordered that the judgment appealed from be affirmed; and that plaintiffs appellants pay the costs of this appeal.