PONDER, Justice.
 

 The plaintiff, Anthony Tomasella, brought suit against his wife, Edna Spano Tomasella, for separation from bed and board on the ground of abandonment. While the suit was pending, and prior to judgment, a rule was issued at the in
 
 *75
 
 stance of the defendant, ordering the plaintiff to show cause why the defendant should not be awarded the custody of their minor child, and why he should not pay the defendant alimony pendente lite for her support and that of the minor child. Upon trial of the rule, the lower court gave judgment in favor of the defendant, awarding her the custody of the minor child and condemning the plaintiff to pay the defendant alimony in the sum of $5 per week for the support of the defendant and the minor child. The plaintiff appealed from the judgment in so far as the award of alimony is concerned. The defendant answered the appeal,. asking for the alimony to be increased to $10 per week and for damages in the sum of $100 for frivolous appeal.
 

 Counsel for the plaintiff contends that Article 148 of the Revised Civil Code is an abstract rule of law, subject to modification and exception. Counsel for the plaintiff takes the position that the defendant is not entitled to alimony for the reason that she has, without just or legal cause, not only refused to return to the matrimonial domicile, after a preliminary judgment has been entered, ordering her to return, but has elected to live an immoral life. It is argued that the defendant comes before the court with unclean hands, and that the allowance of alimony during the pendency of the suit would, in effect, be placing a premium on licentiousness.
 

 Article 148 of the Revised Civil Code provides: “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.” Under the provisions of this article of the Revised Civil Code, the wife who has not sufficient income for her maintenance, during the pendency of a suit for separation from bed and board, irrespective of whether she be plaintiff or defendant, is entitled to alimony. The right of the wife to such alimony does not depend upon the merits of the suit. The conduct of the wife during the pendency of the suit would address itself to the merits of the cause. It is well established that a wife who has been sued for separation from bed and board on the ground of abandonment is entitled to alimony during the pendency of the suit, if she has not sufficient income for her maintenance. It is equally well established that the right of the wife to alimony during the pendency of the proceedings does not depend upon the merits nor upon the actual or prospective outcome of the suit. Grisamore v. Grisamore, 191 La. 770, 186 So. 98, and the authorities listed therein.
 

 After this appeal was submitted, counsel for the plaintiff filed a brief with a copy, attached thereto, of a judgment of separation from bed and board wherein the custody of the minor child was awarded to the plaintiff. There is no mention of alimony in the judgment. From the copy of the judgment, it appears that it was rendered some time after the appeal from the judgment awarding the defendant alimony ’ was lodged in this court. Counsel for the plaintiff is under the impression
 
 *77
 
 that the judgment of the district court operates as a denial of alimony. We refrain from considering this contention, for the reason that the judgment of separation from bed and board was rendered after the appeal herein was lodged in this court' and forms no part of this record. This court can consider and dispose of a case only in the condition in which it was when the judgment appealed from was rendered and lets subsequent events have such effect as the law may give them. Wiener v. Crystal Oil Refining Corp., 183 La. 879, 165 So. 131.
 

 We see no reason to disturb the judgment of the lower court as to the amount of alimony awarded. Counsel for the defendant does not point out in his brief wherein the lower court was in error in fixing the amount of alimony. It appears that the plaintiff is receiving about $25 per week. He has to maintain an automobile in connection with his work. The community owes doctor bills and other debts. The defendant wife lives with her parents. Taking into consideration the living expenses of the plaintiff, the expense necessary to his employment and the debts due by the community, which are being retired by the plaintiff, we do not feel disposed to disturb the amount fixed by the trial court.
 

 The defendant has answered the appeal, asking for the alimony to be increased and for damages in the amount of $100 for a frivolous appeal.
 

 It is not manifest that the appeal was taken merely for delay, nor is it apparent that the appellant did not believe in the merit of his appeal. Counsel has filed briefs herein and has strenuously argued that the defendant is not entitled to alimony under the circumstances of this case. We do not feel disposed to mulct him in damages for taking the appeal because he was mistaken in the strength of his case. Code of Practice, Article 907; Mayor etc., v. Davis, 4 Mart.,O.S., 533; Silberberg v. Kalil & Mickal, 159 La. 560, 185 So. 620.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.
 

 O’NIELL, C. J., does not take part.
 

 HIGGINS, J., concurs in the decree.
 

 FOURNET and McCALEB, JJ., concur.