This is a mixed action in which plaintiff, John L. Canepa, seeks recognition of his ownership to certain unimproved real estate situated in the Third District of the city of New Orleans, designated as Lot No. 2 of Square 2672, and a personal judgment against the defendants, Mr. Mrs. Henry L. Jackson, for the value of the use and occupancy of the property which has been in their possession since July 1st, 1929. The facts of the case are as follows:
During the year 1929 and prior thereto, plaintiff's uncle, Eugene Canepa, was the owner of the lot in controversy and, on July 1st of that year, he agreed to sell it to defendants, under a bond for deed, for the sum of $750 payable on terms of $25 cash and the balance in installments of $7 per month from August 1st, 1929, until the entire principal and accrued interest would be paid. Upon the execution of the bond for deed, defendants took possession of the lot, which adjoined their home, by using it for gardening purposes and by keeping their chickens and cow thereon. This possession has been continuous and uninterrupted throughout the succeeding years. On April 5th, 1932, Eugene Canepa sold the lot, together with certain other real estate, to another nephew, Dr. Louis Canepa, and also transferred and assigned to Dr. Canepa his rights under the bond for deed which he had executed in favor of defendants. It does not appear from the record whether defendants had knowledge of this transfer but it is shown that they continued to make small payments to Eugene Canepa after the sale had been made. It is also shown that, shortly after the transfer, the defendants discontinued the payments required under the bond for deed; that, at the time they defaulted, they had paid a total amount of $143.50 on account of the purchase price and that they have not made payments since the year 1932.
On July 3rd 1934, in the proceedings entitled "Interstate Trust Banking Co. in Liquidation vs. Dr. Louis Canepa" No. 207,411 of the docket of the Civil District Court, suit was filed against Dr. Canepa to recover the sum of $4,610, together with interest and costs, on an obligation owed by him to the bank. Judgment was rendered in that matter by default and subsequently the real estate owned by Dr. Canepa, including the lot in controversy, was seized and sold under a writ of fieri facias in satisfaction *Page 65 
of the judgment. The property was thereafter bid in by the liquidator of the Bank at the Sheriff's sale. On January 30th 1937, the Liquidator of the Bank sold the property to the present plaintiff, John L. Canepa. This sale is declared to be a quitclaim deed and recites a consideration of $200 for seven lots which includes the lot now in controversy.
On September 29th, 1942, plaintiff brought the present action against defendants seeking to be declared the full and absolute owner of the lot and also to recover judgment against them, for the use and occupancy of the property, in the sum of $2 per month from July 1st, 1929, up to the time delivery of the lot is made to him.
Defendants, in their answer to the suit, denied plaintiff's title, setting forth that they had purchased the property from Eugene Canepa under the bond for deed and that they had paid $143.50 on account of the purchase price. They prayed that plaintiff's suit be dismissed and that they have judgment in reconvention for $143.50 which they had paid under the bond for deed.
After a trial in the lower court on these issues, there was judgment in favor of plaintiff decreeing him to be the owner of the lot in question and it was further ordered that he have judgment against defendants, for the use and occupancy of the lot, in the sum of $2 per month from July 1st, 1929, until such time as the lot was delivered to him. Defendants have taken a suspensive appeal from that portion of the judgment which holds them responsible to plaintiff for $2 per month rent for the use and occupancy of the premises.
On this appeal, which is limited to a consideration of the monetary award to plaintiff for defendants' use and occupancy of the lot, the defendants do not question the fact of their possession or that the sum of $2 per month for rental is excessive. However, their counsel contends, in his brief, that the district judge erred in failing to allow a credit, on account of the rent, in the sum of $143.50, representing the amount paid by them under the provisions of the bond for deed agreement. In support of this proposition, counsel cites the case of Ekman v. Vallery, 185 La. 488, 169 So. 521, where the Supreme Court held that provisions in bonds for deed, which declare a forfeiture of payments made on account of the purchase price in case of subsequent default by the purchaser, are null and void. See also Heeb v. Codifer Bonnabel, 162 La. 139, 110 So. 178.
The authorities relied upon would unquestionably be controlling if this suit had been brought by Eugene Canepa, who was the vendor in the bond for deed contract. But the suit is brought by John Canepa who is not a party to the contract and, so far as the record shows, has no direct connection with it. Therefore, in the absence of a showing that the present plaintiff is merely a party interposed for Eugene Canepa, defendants' point cannot be maintained. Their claim should be directed against Eugene Canepa.
But, apart from this, it is manifest to us that the trial court erred in granting to plaintiff a judgment for $2 per month against the defendants as rent for the use and occupancy of the lot from July 1st 1929 until such time as defendants delivered the property to him. In the first place, the present plaintiff did not acquire ownership of the lot until January 30th, 1937 when he bought it from the Interstate Trust Banking Co. in Liquidation. Surely, he is not entitled to recover for defendants' occupancy of the premises prior to the time he became the owner.
Moreover, it is apparent that the trial judge did not consider the question of whether defendants' possession of the property was in good or bad faith. If they were possessors in good faith, they were liable for rent only from date of judicial demand. See Civil Code, Article 3453; Harang v. Gheens Realty Co.,155 La. 68, 98 So. 760; Roussel v. Railways Realty Co., 165 La. 536,115 So. 742, and Ruth v. Buwe, 185 La. 204, 168 So. 776. And the burden of proof was on plaintiff to establish that defendants were possessors in bad faith. See Harang v. Gheens Realty Co., supra.
An examination of the record has satisfied us that plaintiff has failed to establish that defendants were possessors in bad faith. The evidence warrants the holding that defendants are simple and uneducated people who bought property under a bond for deed, made payments on account of the purchase price for three years and entered possession in the belief that they would be able to fully liquidate their obligation. Eugene Canepa, who was their vendor, permitted them to use the property, accepted their payments and, so far as the record shows, neither he, Dr. Louis Canepa *Page 66 
nor plaintiff has ever made demand on defendants to refrain from using the lot until the filing of this suit. In the circumstances thus presented, we conclude that defendants are possessors in good faith and that plaintiff is not entitled to recover rent from them for their use and occupancy of the lot prior to the date of judicial demand.
For the reasons assigned, the judgment appealed from is amended so as to permit plaintiff to recover judgment against the defendants in the sum of $2 per month as rent from September 29th, 1942 until such time as they surrender possession of the property in controversy. In all other respects the judgment appealed from is affirmed. The costs of this appeal are to be paid by plaintiff, appellee.
Amended and affirmed.