PONDER, Justice.
This is an appeal from a judgment in favor of plaintiffs in the amount of $2,777.-19. Plaintiffs answered the appeal asking for an increase in the judgment to the amount of $3,377.19.
Plaintiffs brought suit on a bond for deed contract asking to be decreed the owners of the property described therein, for an accounting of the balance due to the defendant on the purchase price of the property, alleging that payments have been refused by the defendant; in the alternative, plaintiffs asked that in the event the court decides that the contract is a bond for deed or executory contract of sale, then plaintiff alleges that defendant has made said contract impossible to perform by refusing further payment; that plaintiffs were not put in default according to the provisions of LSA-R.S. 9:2945; that in the event the property has been transferred to an innocent third party then plaintiffs allege that they are entitled to damages in the sum of $2,500 with interest and costs which is the present market value of the five lots in question. By supplemental petition the amount of damages asked for was increased to $3,600.
*837 Defendant answered alleging the plaintiffs defaulted on the contract many years ago, that the lots were sold by defendant on June 18, 1953 and that on or before the sale a check was forwarded to the plaintiffs returning to them all of the money which they had paid.
The record shows that the parties entered into a bond for deed contract on August 26, 1938 for the purchase of five lots for the sum of $605. At the time of this sale $5 was paid in cash and the balance was payable in consecutive monthly installments of $8 each, with 7% interest per annum, the purchasers to pay all taxes.
The facts as to payment are correctly summed up by the trial judge in his written reasons for judgment thus:
“From August 26, 1938, up through October 23, 1945, plaintiffs made monthly payments in various amounts, more or less than $8.00, at times skipping a month or two; but by October 23, 1945, $785.00 had been paid by the plaintiffs on account of principal, interest a'nd taxes. At that particular time,- according to the testimony of Mr. Whitmore, a building and loan expert, there was a balance of approximately $180.00- due on the purchase price. From October 23, 1945, until June 28, 1950, nothing apparently was done between the parties, although each claims attempts to locate the other, without avail. On June 28, 1950, defendant received and accepted from plaintiffs an additional $10.00. Thereafter, nothing was done until July 15, 1953, when the defendant addressed a letter to the plaintiffs at their residence, 924 North Prieur Street, to the effect:
“ ‘Since you have defaulted on your agreement to purchase Lots 11 to 16, in Square 4, I hereby return your payments in the amount of $790 on the above property.’ ”
The record shows that the plaintiffs returned this money to the defendant and the property was actually sold to a man named Washington on June 18, 1953 before the letter was sent to plaintiffs.
' It was the opinion of the trial judge that the contract in question is governed by LSA-R.S. 9:2945 and under the provisions of that statute when the purchaser under a bond for deed contract is in default the vendor is required to give notice by registered mail, that unless payment is made as provided in the bond for deed within 45 days from the mailing date of the noticethe bond for deed will be cancelled. The required 45 day notice provided for in that statute was not given here but merely notice of summary cancellation of the agreement *839 accompanied by a return of all installments paid. As the trial judge pointed out even if the notice provided for in the statute had been given, defendant could not have complied, because defendant had already sold the lots to a third party.
 We agree with the conclusion of the trial judge herein that the provisions of LSA-R.S. 9:2945 relating to the 45 day notice are clear and mandatory. Since the statute was not complied with the plaintiffs are entitled to recover the value of the lots as of July, 1953 when the “abortive” notice of default was given to plaintiffs.
The trial judge concluded from the evidence that the value of the lots was $3,000 and allowed judgment for that amount less a credit of $222.81 representing a balance due on the purchase price and interest and taxes then due. In this Court the appellee has answered the appeal asking for an.increase in the judgment. We have carefully read the evidence adduced at the trial of this case and conclude that the figure set by the trial judge is correct.
For the reasons assigned, the judgment is affirmed at appellants’ costs.
SIMON, J., concurs in the decree.
FOURNET, C. J., and HAWTHORNE, J., absent.