227 So.2d 599 (1969)
ST. LANDRY LOAN COMPANY, Inc., Plaintiff-Appellant,
v.
Albert ETIENNE, Defendant.
(Port Barre Lumber Industries, Inc., Intervenor-Appellee).
No. 2828.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1969.
Garland, DeJean & Berggreen, by Leo J. Berggreen, Opelousas, for plaintiff-appellant.
Taylor & Trosclair, by Earl B. Taylor, Opelousas, for defendant-appellee.
Before TATE, FRUGÉ, and MILLER, JJ.
TATE, Judge.
This is a foreclosure suit. The plaintiff (St. Landry Loan) sues under executory process to seize and sell the defendant Etienne's interest in a house and lot. The intervenor (Port Barre) secured judgment enjoining the sale on the ground that it (Port Barre) was the owner of the mortgaged property, not Etienne. The plaintiff St. Landry Loan appeals.
In 1963, Port Barre had entered into a duly-recorded agreement with Etienne concerning the sale of the property. The essential issue is whether the 1963 agreement conveyed the property from Port Barre to Etienne, or instead was merely a "bond for deed" contract.[1]
*600 If the latter and not a sale, the seller Port Barre merely agreed to convey the property to Etienne at some subsequent time, after the stipulated price was paid. If so, then Etienne was not the owner, and he could not mortgage the property to St. Landry Loan, so as to divest Port Barre, the true owner, of its title. St. Landry's mortgage is therefore invalid as to Port Barre.
A simple reading of the contract indicates that it is a bond for deed contract, not a sale. By this 1963 agreement, the buyer agreed to pay a certain sum in 36 monthly instalments. The agreement concludes that "after timely payment in full" of the stated consideration, the seller Port Barre "agrees to execute and deliver to buyer a warranty deed" of the property. See Appendix attached, for fuller excerpts from the agreement.
St. Landry Loan further argues that, nevertheless, the sale should be considered as perfected between Port Barre and Etienne, because agreement had been reached as to the object and price. Under LSA-Civil Code Article 2456, a sale is then considered to be perfected, even though the object is not delivered nor the price paid. St. Landry Loan also suggests that a conditional sale, being unknown to our law, is regarded as perfected at the time agreement is reached. Lee Construction Co. v. L. M. Ray Construction Corp., 219 La. 246, 52 So.2d 841.
The decision cited concerns movable property. With immovable property, additionally there must be a deed translative of title, since verbal sales or parol evidence cannot in Louisiana prove title to realty. LSA-C.C. Arts. 2275, 2276; Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392.
In Trichel v. Home Insurance Co., 155 La. 459, 99 So. 403, our Supreme Court rejected contentions of a mortgagee's assignee similar to those made by the present plaintiff mortgagee. In doing so, and in distinguishing the conditional sale of movable property, the court stated: "[A]ny agreement for the sale of real estate, which is not intended to be the final writing between the parties, but, on the contrary, to be followed by another and final deed, is a mere promise of sale and not a sale, and does not transfer the title to said property; * * *." See also Comment, The Conditional Sale in Louisiana, 2 La.L.Rev. 338, 349 (1940).
The decisions relied upon as allegedly holding to the contrary are inapposite. They concern instances of deeds evidencing an intent to convey real property at the time of execution (unlike the present instance), of conditional sales of movables, or of determining whether an instrument was a contract to sell (as the present) or a contract of sale (unlike the present).
The plaintiff-appellant also argues that the present bond for deed contract is invalid, since it does not designate a bank as an escrow agent. LSA-R.S. 9:2943. It is difficult to ascertain why such an omission, if a defect, could help the present mortgagee of land which was not owned by its mortgagor.
At any rate, the statute did not require the designation of a bank as escrow agent at the time the bond for deed contract was executed, because the property was not then burdened with a mortgage or privilege. Furthermore, the absence of such statutory provisions specified in a bond for deed contractwith a purpose only to protect a buyer from fraud, and to assure proper apportionment of his payments between a seller and a mortgageedoes not invalidate a bond for deed contract nor defeat the seller's undivested title to his land. Scott v. Apgar, 238 La. 29, 113 So.2d 457.
Likewise, we fail to see the pertinence of the citations of LSA-R.S. 9:2945 and Williams v. Dixie Land Co., 231 La. 834, 93 So.2d 185. These provide for mandatory formal notice before a seller may have the bond for deed cancelled, when the buyer fails to make his payments in accordance *601 with the contract. But, here, there is no contention that Port Barre attempted to cancel the bond for deed contract. The contract has not yet been fulfilled; nor has title yet been passed.
No authority is cited for the contention that Port Barre's forbearance has had the effect of depriving it of the title to its property, nor that such forbearance somehow estops Port Barre from contending it is still the owner of its property subject to the bond for deed contract, as reflected by the conveyance and mortgage records of the parish.
Accordingly, we affirm the judgment of the trial court, at the cost of the plaintiff-appellant.
Affirmed.

APPENDIX
The agreement between Port Barre and Etienne pertinently provides:
"This contract and agreement of sale * * * executed by and between THE PORT BARRE LUMBER INDUSTRIES, INC., * * * hereinafter called Seller, * * * and ALBERT ETIENNE, * * * hereinafter called Buyer, Witnesseth as follows, to-wit:
"For the consideration and on the terms, conditions and stipulations hereinafter set forth, Seller agrees to sell and Buyer agrees to buy by usual warranty deed the following described property [description omitted].
"This contract is made for the consideration and on the terms, conditions and stipulations as follows, to-wit:
"1. The consideration of and for this contract is the sum of One Thousand Four Hundred Twenty-five Dollars ($1,425), plus interest amortized to maturity of $182.76, making a total purchase price of $1,607.76, and which bears 8% per annum interest from maturity, said sum being payable in thirty-six (36) consecutive monthly installments of Forty-four and 66/100 ($44.60) Dollars each, payable on the same day of each successive month commencing December 30th, 1963.
* * * * * *
"4. Should Buyer become at any time more than three (3) payments in arrears in the payment of said installments, this contract shall automatically be and become null and void and all payments made by Buyer hereunder shall be forfeited to Seller as liquidated damages.
"5. After timely payment in full has been made of said consideration, Seller agrees to execute and deliver to Buyer a warranty deed of said property passed before a Notary Public of Seller's selection but at Buyer's expense."
NOTES
[1] Bond for deed contracts are regulated by LSA-R.S. 9:2941-47. The transaction is defined at LSA-R.S. 9:2941 as follows:

"A bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer."