503 So.2d 598 (1987)
Gloria GRAY
v.
Judy Debose, Former Wife of/and Kenneth JAMES.
No. CA-5763.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*599 Randy D. Florent, New Orleans, for defendant-appellee.
George H. Jones, New Orleans, for plaintiff-appellant.
Before SCHOTT, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
By this appeal Gloria Gray asserts that the trial court erred in awarding her only $4,620.00 in damages as a result of a failed real estate transaction. We agree and amend the judgment.
The facts of this case are as follows: On March 24, 1981, Mrs. Gray entered into a written agreement with Mr. and Mrs. Kenneth James whereby she would purchase the James' property located at 1666-68 Jo Ann Place. The terms of payment were: 1) $5,000 cash to be paid on March 24,1981; 2) $10,000 to be paid on June 23, 1981 and; $10,000 to be paid on February 23, 1982. The act of sale transferring title of the property from the Jameses to Mrs. Gray was to take place on the date of the last payment. Mrs. Gray was also to assume the outstanding balance of the two mortgages which burdened the property on that date. The agreement also provided that Mrs. Gray would begin making the payments on these mortgages on June 23, 1981, even though she was not to assume the mortgage obligations themselves until passage of the act of sale.
Other pertinent provisions of the sale agreement provided that if any installment was not timely paid, all amounts previously paid would be forfeited. Further, it was agreed that as of June 23, 1981, (the date of first $10,000 installment) Mrs. Gray would have the right to renovate the property at her expense but that all sums expended in the renovation would be forfeited to the Jameses should she fail to pay all installments on time.
In accordance with the agreement, Mrs. Gray timely paid the first two installments, and began renovation of the bottom floor of the building while residing in the upper floor. By the date of trial, Mrs. Gray had allegedly spent $11,701.30 on renovations. When the third and last installment became overdue, Mrs. Gray requested and received *600 an extension of time to pay the final installment in consideration of the sum of $1,000. On May 31 and June 18, 1982, Mrs. Gray paid sums totalling $3,200 towards satisfaction of the final installment. When Mrs. Gray discontinued payments under the agreement, she had paid $3,490.00 towards the mortgages on the property and $18,200 towards the purchase price. Because the $25,000 purchase price was never paid in full, the act of sale did not take place.
On October 22, 1984 Mrs. Gray filed suit against the Jameses to annul their agreement and recover the money she had paid, claiming she was entitled to a refund under the provisions of Louisiana's bond for deed Statute, R.S. 9:2941-47. By the date of suit the Jameses had divorced and Mrs. James, who had reverted to her maiden name of Debose, claimed full ownership of the property. However, both Kenneth James and Judy Debose, were named as defendants in Mrs. Gray's suit.
After trial, the judge held that the agreement between the parties was a sale with an assumption of the existing mortgages. The judge further found that the forfeiture clauses of the agreement were only valid as to the initial $5,000 installment, construing this provision as a "forfeiture of deposit". The other forfeiture provisions, were found to be "relative nullities" and without legal effect. The judge granted Mrs. Gray $4,620.00 in damages. This award reflected a refund of the total sum she had paid towards the property less the $5,000 "deposit", and deductions made for reasonable rent and "negative repairs" which the trial judge concluded had caused the property to depreciate since the initial sale agreement was signed.
Mrs. Gray asserts by assignments of error one and two that the sales agreement which she entered into with the Jameses was a bond for deed contract and not a contract of sale. In support of this assertion, she cites R.S. 9:2941 et seq. which govern bond for deed contracts. Under R.S. 9:2941:
"A bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer."
Under the terms of the March 23, 1981, agreement the purchase price consisted of three installments totalling $25,000 and the assumption of the balance on existing mortgages on the property. The agreement further provided that after receipt of all stipulated installments, the act of sale conveying title to Mrs. Gray would be passed. In our opinion, the terms of this agreement show clearly that it contemplated a bond for deed and not a sale. See Leinhardt v. Marrero, Land & Improvement Association, Ltd., 137 So.2d 387 (La. App. 4th Cir.1962).
The fact that the act of sale was not to take place until after a certain sum had been paid is to us determinative of the agreement's characterization. In reaching this conclusion we note that the agreement itself did not perfect a sale. The parties intended no title to pass until after $25,000 in installments had been paid. Under these circumstances, this contract to sell real property should have been characterized as a bond for deed agreement, R.S. 9:2941, and the trial court's conclusion to the contrary is reversed.
Appellees argue in brief that even if the agreement fits the definition of a bond for deed contract set forth in R.S. 9:2941, the parties did not intend the agreement be a bond-for-deed. In support of this argument, they cite the fact that the parties did not attempt to comply with the statutory requirement for bond-for-deed contracts provided in R.S. 9:2942, and 2943. We are not persuaded by this argument.
To begin with we note that counsel for the Jameses acknowledged in a letter to Mrs. Gray that their agreement was a bond-for-deed contract. Moreover, we do not believe that the parties' noncompliance with parts of R.S. 9:2942 and 2943 undermines our characterization of this agreement.
R.S. 9:2942 provides that it is unlawful for the vendor to sell, by bond for deed, immovable property encumbered by a mortgage *601 or privilege without first obtaining from the mortgagee or privilege holder, a written guarantee to release the property upon payment by the buyer of a stipulated mortgage release price. R.S. 9:2943 provides that all payments toward the purchase of property burdened by a mortgage or privilege under bond for deed contracts shall be made to a bank which has been designated as an escrow agent by the parties. Although these provisions were not complied with in this case, the jurisprudence holds that strict compliance is not essential to a valid bond for deed contract. Scott v. Apgar, 238 La. 29, 113 So.2d 457 (1959). The clear purpose of R.S. 9:2942 and 2943 is to safeguard the buyer of mortgaged property from fraud, deceit and misrepresentation and to assure that all payments made by the buyer will be apportioned and distributed between the seller and mortgagee, thus ensuring the buyer an unencumbered title up to the amount of the sale price stipulated in the contract. Scott v. Apgar, supra 113 So.2d at 459.
In the present case, Mrs. Gray was aware at the time she signed the contract that two mortgages burdened the property and under the express terms of the agreement she agreed to assume both mortgages as of February 23, 1982. The record indicates Mrs. Gray paid one mortgage directly and paid the other by giving the money to the seller, who paid this mortgage by automatic payroll deduction. Given these facts, we are convinced that the transaction substantially complied with the purpose and intent of R.S. 9:2942 and 2943. Scott v. Apgar, supra; St. Landry Loan Co., v. Etienne, 227 So.2d 599 (La.App. 1969).
Mrs. Gray also asserts that the trial court erred by giving effect to the forfeiture provision of her agreement with the Jameses and allowing them to retain some of the money she had advanced before defaulting. We agree. The jurisprudence is clear that such forfeiture clauses in bond for deed contracts should be regarded as null and void since they are inequitable, unreasonable and represent an illegal attempt to recover punitive rather than compensatory damages. Scott v. Apgar, supra; Ekman v. Vallery, 169 So. 521 (1936); Thompson v. Bullock, 236 So.2d 892 (La. App. 3rd Cir.1970); writ denied, 240 So.2d 231 (La.1970). Consequently, Mrs. Gray is entitled to recover the $18,200.00 she paid toward the purchase of the property in addition to the total she paid on the two mortgage notes until the bond for deed contract was expired.
By assignments of error three and four, Mrs. Gray contends that the trial court improperly granted the appellees credit for "negative repairs" and "rents due and owing" when set-off for these claims was not pled as an affirmative defense. Under C.C.P. Arts. 1003 and 1005, a set-off is a affirmative defense which must be specifically pled in the defendant's answer. Dolphin Swimming Pool Co., Inc. v. Leveque, 347 So.2d 303 (La.App. 4th Cir.1977). When an affirmative defense is not specifically pled but evidence supporting such a defense is introduced without objection, the pleadings may be enlarged to include the affirmative defense. C.C.P. Art. 1154; DLJ of Louisiana No. 1 v. Green Thumb, Inc., 376 So.2d 121 (La.1979).
In the present case, appellees did not plead the affirmative defense of set-off for the diminution in the value of their property which they claim resulted from Mrs. Gray's renovation work. At trial, evidence relating to the diminished value of the property was timely objected to by Mrs. Gray's attorney. Under these circumstances, the trial court erred in granting a set-off for this claim. Moreover, even were we to find that this claim was properly pled, there is no evidence in the record beyond the self-serving testimony of Ms. Debose which would establish her right to such an award.
Regarding the set-off granted for rents allegedly owed by Mrs. Gray, we conclude that the pleadings were expanded to include the issue of rent when Mrs. Gray admitted without objection to having agreed to pay rent pursuant to a written lease entered into between the parties when the bond for deed arrangement fell *602 through. Moreover, where the buyer defaults on a bond for deed contract after taking possession of the property, the seller is entitled to collect reasonable rent from the defaulting buyer for his use of the property during occupancy. Thompson v. Bullock, supra. Unfortunately, there is no conclusive evidence in the record to establish the amount of rent Mrs. Gray agreed to pay under the lease or when that lease was to commence, nor is there any other evidence indicating what a reasonable rental would be.
Under these circumstances, we remand this issue to the District Court for a hearing to determine: 1) what a reasonable rent for the property would have been from the time Mrs. Gray took possession under the bond for deed contract until she signed her lease with Ms. Debose and; 2) the date that lease was signed and the amount of rent agreed to therein. The trial court is to determine the total amount of rent due for both periods and reduce this figure by the amount Mrs. Gray paid on the two mortgage notes after the bond for deed contract (as extended) expired, plus any rent she paid. Mrs. Gray's recovery is then to be reduced by this adjusted total.
By her fifth assignment of error, Mrs. Gray asserts that she should have been awarded the sum of $11,701.30 which she claims she spent on improvements to the property. We disagree. Aside from $11,701.30 in receipts which Mrs. Gray placed into evidence, there was no proof submitted to show that this money was actually spent on the subject property. Under these circumstances, the trial court correctly denied recovery of this claim.
Lastly, Mrs. Gray contends that the trial court erred in failing to cast co-defendant Kenneth James in judgment. We agree. Although the record shows that counsel for Mr. James waived his presence at trial, the record does not show that Mr. James had no interest in the case or was dismissed from the proceedings.
For the above reasons, we: 1) amend the trial court's judgment to award Mrs. Gray all amounts paid by her as principal towards purchase of the property; i.e., $18,200.00 plus the total she paid on the two mortgage notes until the bond for deed contract, as extended, expired; 2) remand the case to the trial court for determination of a reasonable rent for Mrs. Gray's use of the property during her occupancy under the bond for deed contract and the actual rent agreed to in the subsequent lease between the parties, reduced by the total amount she paid on the mortgage notes after expiration of the extended contract, plus any rent she paid. The trial court is instructed to award the Jameses a credit for this figure. The judgment is further amended to include Kenneth James as a judgment-debtor. Costs of this appeal are to paid by appellees.
AMENDED IN PART AND REMANDED.