962 So.2d 1168 (2007)
Richard Carl UPTON, Plaintiff-Appellee
v.
James G. WHITEHEAD, et ux., Defendants-Appellants.
No. 42,314-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
*1169 Davis Law Office, by S.P. Davis, for Appellants.
Lemle & Kelleher by Brian A. Cowan and Stephen C. Fortson, Shreveport, for Appellee.
Before BROWN, STEWART and DREW, JJ.
STEWART, J.
In Upton v. Whitehead, 41,131 (La. App. 2d Cir.6/28/06), 935 So.2d 746, we reversed a summary judgment, that had resulted in the Whiteheads' eviction, upon finding that the parties' oral agreement was a bond for deed contract and that a material issue of fact existed as to whether the Uptons had complied with the mandatory notice required by La. R.S. 9:2945(A) for cancellation of the contract. On remand, the trial court found that the required notice had not been given, but took no further action to resolve the parties' dispute. The Whiteheads now appeal the trial court's failure to place them in possession of the property and to award them damages for wrongful eviction. For the following reasons, we affirm the trial court's finding on the notice issue, order the Whiteheads restored to possession, and remand for further proceedings as instructed herein.

FACTS
Pursuant to a written agreement dated September 7, 1993, Richard and Kathy Upton leased a residential property at 1129 Baythorne Drive in Shreveport to James and Lullie Whitehead for two years at a rental price of $269.70 per month.[1] Subsequent to their written agreement, the parties made an oral agreement by which the Uptons agreed to transfer title to the property to the Whiteheads upon payment of $28,000 in monthly installments of $269.70. The Uptons claimed that payment was to include eight percent annual interest, but the Whiteheads claimed there was no interest.
Believing they had satisfied the purchase price, the Whiteheads stopped making the monthly payments in early 2004. The Uptons notified them that payment was still due and eventually filed suit to be recognized as owner of the property and have the Whiteheads surrender possession.
The Whiteheads' answer asserted their own ownership of the property. They claimed they had paid the full purchase price and denied entering an agreement to pay eight percent interest. The Whiteheads filed a reconventional demand seeking a judgment declaring them owners of the property. They also alleged that the Uptons owed them $5,173.10, alleged to be the difference between the $28,000 purchase price and the amount they had paid over the years.
The Uptons filed a motion for summary judgment, which the trial court granted. The trial court determined that the requirements *1170 of La. C.C. art. 1839 pertaining to transfer of immovable property had not been met and that the Whiteheads could not prevail on their claim of ownership as a matter of law. The Whiteheads filed a devolutive appeal, but they surrendered possession of the property to the Uptons in accordance with the trial court's ruling.
In Upton v. Whitehead, supra, this court found the parties' oral agreement to be a bond for deed contract by which the Uptons agreed to transfer title to the property to the Whiteheads upon payment of $28,000 with eight percent interest in monthly installments of $269.70. The court also determined that summary judgment should not be granted. There was an issue of material fact as to whether the Uptons had complied with the notice requirements for cancellation of a bond for deed contract. The matter was remanded for further proceedings. Because neither party applied for a writ of review, the appellate findings regarding the bond for deed contract and the applicable interest rate are final and constitute the law of the case in this matter. See Martinez Management, Inc. v. Caston, 39,500 (La.App. 2d Cir.4/13/05), 900 So.2d 301; Northeast Realty v. Jackson, 36,276 (La.App. 2d Cir.8/14/02), 824 So.2d 1264.
On remand, a trial was held to address whether notice had been provided by the Uptons to the Whiteheads in accordance with La. R.S. 9:2945. The testimony of Kathy and Richard Upton established that the Whiteheads were current on payments through December 2003, after which they were consistently delinquent, paying only $1,000 total from January 2004, through May 2004. Although the Uptons testified that they notified the Whiteheads each time a payment was late, their testimony established that they had not complied with the notice provisions of La. R.S. 9:2945 in attempting to cancel the contract with the Whiteheads and evict them from the property.
James Whitehead testified that he stopped making the monthly payment because he did not believe payment was still owed. He further testified that after being ordered to surrender possession of the property by the trial court's grant of summary judgment, he obtained an apartment at a higher monthly cost and had to lease a storage unit at an additional $100 per month.
The trial court concluded that the Uptons did not comply with the required bond for deed notice provision. The trial court also concluded that the Whiteheads failed to make required payments and thus were not entitled to damages for losing possession of the house. Neither party was declared owner of the property.

DISCUSSION
The Whiteheads filed this appeal seeking to regain possession of the property and to obtain damages for wrongful eviction. They claim they are entitled to possession under the bond for deed contract and that they are entitled to damages because the Uptons' failure to give the 45-day notice deprived them of peaceable possession of the property.
The Uptons contend that the trial court did not rule on the issue of possession, because it was not put forth in the pleadings or otherwise indicated as an issue at trial. They assert the same argument regarding the claim for damages for wrongful eviction, and they contend that the Whiteheads are not entitled to either possession of the property or damages.
The pertinent issue is whether the Uptons gave the required notice to cancel the bond for deed contract. La. R.S. 9:2945 provides, in relevant part:

*1171 A. If the buyer under a bond for deed contract shall fail to make the payments in accordance with its terms and conditions, the seller, at his option, may have the bond for deed cancelled by proper registry in the conveyance records, provided he has first caused the escrow agent to serve notice upon the buyer, by registered or certified mail, return receipt requested, at his last known address, that unless payment is made as provided in the bond for deed within forty-five days from the mailing date of the notice, the bond for deed shall be cancelled.
B. Where there is no mortgage or privilege existing upon the property, and the buyer shall be in default, the seller shall exercise the right of cancellation in the same manner.
This notice requirement is "clear and mandatory." Thomas v. King, 35,857, p. 7 (La.App. 2d Cir.4/3/02), 813 So.2d 1227, 1231, citing Williams v. Dixie Land Company, 231 La. 834, 93 So.2d 185, 186 (1956).
A bond for deed contract is a contract to sell real property. La. R.S. 9:2941; Levine v. First Nat. Bank of Commerce, XXXX-XXXX (La.12/15/06), 948 So.2d 1051. Parties to a contract to sell have the right to demand specific performance. Levine, supra, citing La. C.C. art. 2623. The Whiteheads' reconventional demand to be declared owner is essentially a demand for specific performance of the contract. However, the Uptons contend that the Whiteheads defaulted on the contract by failing to pay the full price of $28,000 at eight percent interest. The Whiteheads' default is proven by the record.
When a buyer defaults on a bond for deed contract by failing to pay the installments as they come due, the seller may cancel the contract as provided in La. R.S. 9:2945. The notice must give the buyer 45 days from the mailing date to make payment as provided in the bond for deed contract. If the buyer does not make payment in accordance with the terms and conditions of the contract, the seller may have the contract cancelled. Montz v. Theard, XXXX-XXXX (La.App. 1st Cir.2/27/02), 818 So.2d 181. When a bond for deed contract fails, the buyer is entitled to the return of money paid toward the purchase price, insurance premium, and any taxes; however, the seller is entitled to the fair rental value of the property for the time of the buyer's occupancy. Montz v. Theard, supra; Mooers v. Sosa, 01-286 (La.App. 5th Cir.9/25/01), 798 So.2d 200.
To cancel the bond for deed contract upon the Whiteheads' failure to make the monthly payments, the Uptons had to give the Whiteheads notice by registered or certified mail, return receipt requested, providing them with 45 days from the mailing date to make the payments as provided in their contract.[2] Upon statutory notice of default, the Whiteheads, as purchasers, would not be entitled to maintain possession of the property without making their payments current. See Montz v. Theard, supra. Though the Uptons may have repeatedly notified the Whiteheads regarding their failure to make timely payments, the type of notice mandated by La. R.S. 9:2945 was not provided. Absent the required 45-day notice, the contract was not cancelled, and the Whiteheads should not have been dispossessed *1172 of the property. Therefore, in finding that the 45-day notice had not been provided, the trial court should have ordered, as we now do, the Whiteheads restored to possession of the property, subject to their becoming current on their payments.
The Whiteheads' restoration of possession is also subject to Upton's right to seek cancellation of the bond for deed contract by complying with the notice provisions of La. R.S. 9:2945. In Upton v. Whitehead, supra, the court determined that the parties' oral agreement constituted a bond for deed contract obligating the Whiteheads to pay a total of $28,000 at eight percent interest in monthly installments of $269.70 upon which the Uptons would transfer title to the property to them. The record establishes that the Whiteheads defaulted on the contract by ceasing payment before satisfying the full purchase price. Should the Uptons comply with the mandatory notice provision, the Whiteheads will have 45 days to make current their payments toward the purchase price of the house ($28,000 at eight percent interest) to avoid cancellation of the agreement.
The record shows that the Whiteheads made their last regular monthly payment in December 2003, and then paid an additional $1000 between January 2004, and May 2004. However, it appears that the Whiteheads remained in possession of the property until the trial court's summary judgment in favor of the Uptons on October 3, 2005, at which point they surrendered possession and found another place to reside. We find that in lieu of any damages for wrongful eviction, the Whiteheads should be credited in the amount of $269.70 per month for the months they were wrongfully dispossessed as a result of the summary judgment and for the Uptons' failure to provide the requisite notice to cancel the contract. The credit is to be applied toward the amount owed to make their contractual payments current from their last payments made in 2004.
As per this opinion, the Whiteheads are to be restored to possession of the property no later than 60 days from the finality of this opinion, subject to the Uptons' right to comply with La. R.S. 9:2945. On remand, the trial court is instructed to conduct a hearing to determine the following:
1. The specific date from which the credit owed the Whiteheads as compensation for their wrongful dispossession is due.
2. The total amount of credit due.
3. The amount owed to make the bond for deed contract current.

CONCLUSION
For the reasons stated, we affirm the trial court's finding that the Uptons did not comply with La. R.S. 9:2945. Accordingly, we conclude that the bond for deed contract was not canceled, and the Whiteheads were improperly dispossessed of the property. Subject to the Upton's providing the appropriate notice of cancellation, the Whiteheads are to be restored to possession and credited for the months they were dispossessed. The matter is remanded with instructions for implementation of this ruling.
AFFIRMED and REMANDED.
NOTES
[1] The property at issue is described as:

LOT 60, HIGHLAND PARK, UNIT A, a subdivision of the Parish of Caddo, State of Louisiana, as per plat recorded in Book 800, Pages 627, 629, and 631 of the Conveyance Records of Caddo Parish, Louisiana, together with any and all buildings and improvements located thereon.
[2] The exhibits attached to the Uptons' petition indicate that Richard Upton had mortgaged the property on February 14, 1985. However, the mortgage documents indicate that the maturity date for final payment on the mortgage was to be March 1, 2005. Presumably, the mortgage has been paid and the property is no longer burdened by it such that the Uptons may provide notice as seller as allowed by La. R.S. 9:2945(B).