AMAZING HOMES, INC. AND ORA WILLIAMS
v.
SEC INVESTMENT PROPERTIES, LLC AND RANDY A. GOMEZBS
No. 2008 CA 1540
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication.
DELE A. ADEBAMIJI, Baton Rouge, LA, Counsel for Plaintiffs/Appellants Amazing Homes, Inc. and Ora Williams.
JOHN E. SEAGO, Baton Rouge, LA, Counsel for Defendants/Appellees SEC Investment Properties, LLC and Randy Gomez.
ROBERT W. FENET Baton Rouge, LA, Counsel for Intervenor Fenet Law Firm, LLC.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
Amazing Homes, Inc. and Ora Williams (collectively, "Buyer") appeal a judgment rendered in favor of SEC Investment Properties, LLC and Randy Gomez (collectively, "Seller"). For the following reasons, we reverse the trial court's judgment and remand for further proceedings.
This litigation arises from a failed Bond for Deed transaction. Buyer and Seller entered into a Bond for Deed contract on February 9, 2000, for the purchase of a lot in Country Club of Louisiana. Numerous attempts were made to close the sale; the parties have spent nearly nine years trying to resolve the matter. These attempts have included failed mediations, several court appearances, and two failed closings.
Ultimately, the matter came on for hearing on March 12, 2007, pursuant to, in pertinent part, Buyer's Motion to Enforce Sale and Rule for Contempt against Seller. Although the judgment on appeal indicates that Buyer and Seller entered into a compromise providing for a forty-five day period to close the Act of Sale on the property, the purported compromise does not appear in the record, nor was it reduced to writing. In a judgment signed August 20, 2007, the trial court dismissed with prejudice Buyer's petition on the basis that the Act of Sale did not take place within forty-five days as allegedly agreed to by the parties in court on March 12, 2007.
The Buyer requested a new trial, which was denied without a hearing.[1] The Buyer appealed this judgment asserting that the trial court erred: (1) in enforcing the forty-five day period to close the sale; and (2) if that was not error, in failing to order reimbursement or other damages to the Buyer.
In this matter the trial court plainly predicated its ruling on the terms and conditions of the alleged March 12, 2007 compromise essentially stating as follows:
 The compromise entered into between the plaintiff and defendants on March 12, 2007 provided a forty-five day period for the plaintiffs to close the Act of Sale of the lot involved in this litigation. The Court being of the opinion as represented by counsel for the parties the Act of Sale did not occur within the forty-five (45) day period provided by the parties.
 Pursuant to the compromise, the original petition as amended and supplemented is hereby dismissed, with prejudice, and judgment is rendered in favor of defendants, SEC Investment Properties, LLC and Randy Gomez, dismissing the matter. Each party to bear their own costs.
The record in this matter, however, contained no copy of a contemporaneous written compromise or transcription of a compromise from the record of the trial court, despite representations by counsel as to the terms of the compromise. In this regard LSA-C.C. art. 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." "[F]or a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents." City of Baton Rouge v. Douglas, 07-1153 (La.App. 1 Cir. 2/8/08), 984 So.2d 746, 749 writ denied, 08-0939 (La. 6/20/08), 983 So.2d 1284.
Accordingly, we issued an order remanding this matter to the clerk of court and the trial court for the limited purpose of having the clerk of court and trial court supplement the record with a writing or a transcript of the recitation from open court of the compromise purportedly entered in court on March 12, 2007. Pursuant to this order, the clerk of court provided a transcript of the March 12, 2007 hearing. After careful review of this transcript, we observe that there is no transcribable recitation regarding a compromise of the dispute. Nor is there any writing in this regard. In fact, as the hearing adjourned, the trial court admonished the parties, "you all need to do your dead level best to resolve all these issue (sic) and the two of you settle."
Considering the record before us, we find that there is no valid or enforceable settlement agreement on which the trial court could have based its judgment in this matter. See Id. Therefore, we find merit in the Buyer's first assignment of error and pretermit discussion of the second.[2]
We reverse the trial court judgment and remand this matter for further proceedings, including those pending as of March 12, 2007.[3]
This opinion is rendered in accordance with Uniform Rules  Courts of Appeal Rule 2-16.2A(2). Costs of this appeal, including costs of the supplementation, are assessed to defendants/appellees SEC Investment Properties, LLC and Randy Gomez.
REVERSED and REMANDED
NOTES
[1] The Buyer here technically appeals the denial of the motion for a new trial. We consider an appeal of the denial of a motion for new trial, however, as an appeal of the judgment on the merits as well when it is clear from the appellant's brief that he intended to appeal the merits of the case. Shultz v. Shultz, 02-2534, p. 3 (La.App. 1 Cir. 11/7/03), 867 So.2d 745, 746-47. Thus, we review the underlying judgment that dismissed the petition with prejudice.
[2] Regarding the second assignment of error, we note that the Buyer's petition made a claim for the payments and expenses it made on the property. Should the trial court reach this issue on remand, the Buyer may be entitled to reimbursement on all or some of the funds expended and also may be entitled to other damages they might prove. The Buyer cannot legally agree to forfeit the deposit. See Scott v. Apgar. 113 So.2d 457. 461 (La. 1959). Seals v. Sumrall, 03-0873. p". 7 (La.App. 1 Cir. 9/17/04), 887 So.2d 91, 97: Cray v. James. 503 So.2d 598, 601 (La.App. 4 Cir. 1987). It would be legal error for the trial court to dismiss those portions of the Buyer's petitions as amended and supplemented that pertain to Buyer's claims for reimbursement and damages.
[3] The record reflects that on March 12, 2007, Amazing Home's motion for contempt and motion to enforce compromise were also set for hearing.